PAPPAS et al. v. D'CLONIS.   (No. 9063.)

(Court of Civil Appeals of Texas. Dallas. June 23, 1923. Rehearing Denied Oct. 13, 1923.)

1. **Appeal and error** ⚖➔544(2)—**Omission of statement of facts held to limit construction of judgment to verified pleadings.**

Where no statement of facts accompanied the record on appeal the judgment will be construed solely with reference to the verified pleadings.

2. **Injunction** ⚖➔41—**Relief against negotiation of notes limited to cases where wrongfully obtained.**

An injunction is available to restrain negotiation of a note only where obtained by fraud or duress or undue influence without valid consideration.

3. **Injunction** ⚖➔41—**Negotiation of notes given on dissolution and assigned to retiring partner's wife in fraud of creditors not restrained.**

Where, on dissolution of a partnership by one partner selling to the other, the consideration including mortgage and notes, the retiring partner agreeing to indemnify the buyer against payment of all obligations of strictly personal nature incurred by him, an injunction to prevent collection of the notes alleged to have been assigned to the retiring partner's wife to defraud creditors, no other assets being available to pay indemnity on several unliquidated indemnity claims, was improperly granted.

Appeal from Dallas County Court; W. N. Coombs, Judge.

Suit for damages and injunction by A. D'Clonis against H. C. Pappas and others. From a judgment overruling a motion to dissolve a temporary writ of injunction granted by the trial court, defendants appeal. Reversed.

John W. Craig and K. Van Slyck, both of Dallas, for appellants.

Pierson & Newsome, of Dallas, for appellee.

HAMILTON, J. [1] No statement of facts accompanies the record in this case. The judgment entered below is therefore to be construed solely with reference to the verified pleadings filed by the parties.

Appellee filed a petition in the court below for the recovery of damages, and also prayed for an injunction to prevent appellant and his wife from selling, or attempting to sell, certain of a series of notes and a mortgage described in the petition, all of which issued out of a transaction whereby appellant sold to appellee his interest in a business in which the parties were partners, taking the notes and mortgage as a part of the consideration of the sale. According to the allegations, one of the notes matured each month, and they each contained a provision that failure to pay any one at maturity would be ground for the holder declaring all of them still unpaid due and payable. In connection with the prayer for the writ of injunction, appellee prayed for a temporary mandatory injunction immediately restraining appellant and his wife, to whom it was alleged the notes had been fraudulently transferred by appellant, from selling, or attempting to sell, any of them or the mortgage rights in connection with them during the pendency of the suit, from declaring, or attempting to declare, any of them due, or foreclosing the mortgage as to any of them, and compelling them forthwith to tender the notes into court to be held in the registry thereof subject to the court's order.

The petition alleged as the facts upon which relief by injunction was sought the following: That an agreement was entered into between appellant H. C. Pappas and the appellee, A. D'Clonis, whereby D'Clonis purchased Pappas' interest in the then existing partnership; that by the terms of the dissolution agreement appellee paid $3,000 in cash and executed 14 promissory notes aggregating $2,000 for the remainder of the consideration, one of each of the notes to be payable on the 1st day of each succeeding month after the date of the sale until all were paid. The allegations recite a detailed description of all the property comprised in the business, and which, under the terms of the agreement, passed to appellee. It was alleged that appellant agreed that he would indemnify appellee against the payment of all obligations and claims of a strictly personal nature incurred by him. The contract contained other provisions, and it was expressed in the form of a bill of sale, a copy of which was attached to the original petition and made a part of it. None of the other provisions are material to a statement of allegations relied upon. It was alleged that while the partnership was in existence appellant guaranteed certain accounts for certain goods sold and delivered by the partnership to M. C. Pappas, of Little Rock, Ark., who is alleged to be a relative of appellant, H. C. Pappas. It was alleged that the goods sold to M. C. Pappas by the firm under this understanding were of the value of $367.93, and that, solely through reliance upon the guaranty given appellee by appellant, he agreed to the sale and delivery of the goods to appellant's relative. It was alleged that M. C. Pappas had paid only $100 of the account, and that the balance remained unpaid. It was alleged that under still another guaranty made by appellant H. C. Pappas, and at his request, the partnership sold certain goods to the Eldorado Café, at Eldorado, Ark., to enforce the collection for which it became necessary for appellee to pay as collections fees $27.50. It was further alleg-

⚖➔For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Tex.) PAPPAS v. D'CLONIS 589
(254 S.W.)

ed that pursuant to efforts to collect the above specified amounts appellee had paid out as traveling expenses, hotel expenses, and other expenses, approximately $165. It was alleged that without appellee's knowledge and consent appellant H. C. Pappas collected and applied to his own use, and failed to account to appellee therefor, the sum of $7.75 paid by a café at Forth Worth, Tex., upon an account due the partnership. It was alleged that by manipulation of the books of the concern by appellant he concealed these collections from the appellee until after the dissolution of the partnership, when they were discovered upon an audit of the books. It was alleged that at a date not specified appellant had purloined from the premises another article alleged to be of the value of $5.50. There was an allegation that appellant refused to pay any part of the claim represented in these allegations, and appellant was also alleged to be the owner and holder of the unpaid notes comprised in the series of notes described as having been executed as part consideration for the purchase of appellant's portion of the business at the time of the dissolution, and that, if they had been transferred to appellant's wife, the transfer was fraudulent and without consideration, and made for the purpose of concealing appellant's assets and property from his creditors, including appellee. It was alleged that appellant's wife was cognizant of all the alleged facts of the concealment, and therefore could not be an innocent purchaser of the notes. It was alleged that—

"With the exception of the above and foregoing notes, the said defendant, H. C. Pappas, has no further or other asset not now clouded and incumbered by litigation subject to execution out of which this plaintiff could satisfy a judgment if secured herein; * * * that plaintiff herein is under contract and obligation to keep up the payments to the defendant H. C. Pappas regularly of the amount of each note as same falls due, and that the failure of the plaintiff to make such payments or to make proper tender thereof in accordance with the law would or might result in the defendant H. C. Pappas, or any purchaser of said notes hereafter, save and except a purchaser by fraud and without consideration, to support said transaction, declaring all of said notes due, and undertake to enforce foreclosure proceedings upon personal property in said Exhibit A described in accordance with the terms of the mortgage upon said property therein referred to."

It was alleged that, although appellee owed the notes, yet, if the court should find that appellant owed appellee the amounts which he alleged appellant owed him, then he would be entitled to offset such indebtedness against that represented by the notes which appellee admitted he owed appellant, and that he had no adequate remedy at law to enforce a judgment if he should obtain it against H. C. Pappas, unless the latter and his wife were restrained from disposing of the notes and required to place them in the custody of the court until appellee's claim and demand had been litigated to determine whether or not a judgment should be awarded him for the amounts for which he pleaded as above stated.

Upon presentation of the petition containing the foregoing allegations to the judge of the trial court in chambers, an order was entered granting the injunction as prayed for. Appellant filed his motion to dissolve the temporary injunction thus granted, and, in connection therewith, filed an affidavit categorically denying every material allegation of the petition. Appellant also pleaded exhaustively by answer to the petition. The answer included a general demurrer and various special exceptions. The answer, which was verified, also contained specific denial of the various allegations intended to show liability.

An examination of the petition renders it clear that the temporary injunction was improperly granted. The substance of the petition is that a transaction free from misrepresentation or any other vice was concluded between the parties, and that in connection therewith and incident thereto the notes were executed and delivered as valid and binding obligations against appellee, and that no defense in connection with the transaction itself in which they were executed exists against them. Transactions wholly disassociated with that in connection with which the notes were given were alleged for the purpose of disclosing that out of such other transactions liability for certain unliquidated damages exists in behalf of appellee against appellant.

[2] As a general rule, it may be said that an injunction is available to restrain the collection or negotiation of a note only in those instances where it has been obtained by fraud or duress, or by undue influence and without adequate consideration. High on Injunction, § 1123. The petition in this case contains no allegation which even remotely tends to reflect any condition comprehended within this rule. Appellee alleges no frailty or vice in the notes themselves, or in the contract out of which they issue. No right of rescission is asserted. As above stated, the only wrongs for which he claims redress are asserted to arise from acts and transactions remote from and in no way connected with that of which the note were a part, and the legality and validity of which are admitted by appellee.

[3] Ultimately, in its final analysis, appellant's position disclosed in the allegations is that he is legally bound to pay the valid and binding notes which issued out of a transaction free from any legal vice, but that he asserts certain unliquidated claims in no way connected with such notes or the transaction of which they form a part, for which he ex-

pects to obtain a judgment, and that he has a right to enjoin either the collection or the negotiation of the notes until a court has adjudicated his asserted claim. His position is the same as it would be if he filed a suit upon an unliquidated claim against any party, and in that suit alleged that such party merely owned certain notes, regardless of from whom acquired, the sale of which he called upon the court to enjoin until it might be determined whether or not the asserted claim should prevail in order that the property might be available for execution in the event he obtained a judgment. The writ of injunction does not issue under such facts and circumstances.

The judgment overruling the motion to dissolve the temporary writ of injunction is reversed, and the injunction is dissolved.