**RAILROAD YARDMASTERS OF NORTH AMERICA, Inc., v. PITTSBURGH & L. E. R. CO. et al.**

No. 20375.

District Court, N. D. Ohio, E. D.

Dec. 12, 1940.

Thomas J. McBride, of Youngstown, Ohio, for plaintiff.

R. B. Wilson, of Youngstown, Ohio, for defendant Pittsburgh & L. E. R. Co.

Lester J. Abele and Arnold M. Edelman, of Hartshorn, Thomas, Abele, Phillips & Mitchell, both of Cleveland, Ohio, for defendants Henry Dahlberg and Forest C. Singer.

JONES, District Judge.

The plaintiff appears to have brought suit in a representative capacity against the defendant railroad and two yardmasters who were awarded seniority rights by a Division of the Railroad Adjustment Board. The complaint asserts that the Board acted without jurisdiction and that its proceedings were in violation of the statutes establishing the Board and governing its procedure. The grounds upon which the unlawful action of the Board is based are not necessary to be recited, under the view the Court takes of the case. The plaintiff prayed for an order to show cause directed to the defendants requiring them to appear and show cause why a preliminary injunction should not be issued enjoining the defendants from enforcing and putting into effect the decision of the Railroad Adjustment Board, and that upon final hearing a permanent injunction against the enforcement of, or attempting to enforce or put in effect, the order of the Board, be entered. Answers were filed by the railroad and the two individual defendants. Two other yardmasters employed by the defendant railroad have filed a motion to intervene in the proceedings.

The second defense in the answers of the individual defendants is that the amended complaint fails to state a cause of action over which this court has jurisdiction. Thus, the question of jurisdiction is raised and should be determined before any further proceedings are taken in the case.

The only judicial review of the Railroad Adjustment Board's orders is provided by Section 153 of Title 45, U.S.C.A. There is no provision in Section 153 for testing the order and finding of a Division of the Railroad Adjustment Board by such action as is presented here. The plaintiffs are, in fact, seeking to enjoin

compliance with or enforcement of the order of the Board. The only court action provided by Section 153 is granted to the person for whose benefit the order was made.

I can find nothing in the Act providing for a collateral attack upon the propriety of the Board's order and without its presence. It well may be that the defendants, Singer and Dahlberg, for whose benefit the order was made, are entitled, under Section 153, to commence an action against the railroad for relief in compliance with the Board's order; and in such action it is possible that the plaintiffs, and others adversely affected, may intervene, but I can find nothing in the Act to authorize the jurisdiction or the relief asserted by the plaintiffs. While the defendants, Singer and Dahlberg, have filed answers and cross-claims seeking to have the defendant railroad comply with the Board's order in respect of the awards of seniority to them, yet the original defect in jurisdiction cannot thus be cured.

Accordingly, the complaint will be dismissed. This action obviates the necessity of passing upon the motions to strike filed by the defendant railroad and the motions to intervene filed by Grady and Dowling.