## RYAN v. HOLCOMBE et al.

### No. 6040.

Court of Civil Appeals of Texas. Texarkana.

April 8, 1943.

Wynne & Wynne and Philip Brin, all of Longview, for appellant.

Hurst, Leak & Burke and H. P. Smead, both of Longview, and Jones & Jones, of Mineola, for appellees.

JOHNSON, Chief Justice.

Appellant, Mrs. Katherine Ryan, brought this suit for specific performance of an alleged written contract to assign an oil and gas lease, and in the alternative to recover damages for breach of the contract. The contract is attached to and made a part of the petition, and reads as follows:

"State of Texas

"County of Wood

"This Contract and agreement made this the 20th day of December, 1940 by and between Mrs. Katherine Ryan, a feme sole, and W. C. Holcombe witnesseth:

"Whereas W. C. Holcombe is the owner of an oil and gas lease on Lot #10 of the Reese Addition to the City of Hawkins and whereas Katherine Ryan is desirous of purchasing the said lot.

"The said Katherine Ryan is to deposit the sum of $5000.00 with R. B. Smith of Hawkins, Texas and she is to have 5 days

after she receives abstract to determine whether the said Holcombe has merchantable title to said lot and the said Holcombe is to have a reasonable time in which to cure the defects.

"If the said Holcombe has merchantable title to the oil and gas lease on Lot #10 Reese Addition, then it is agreed that the said R. B. Smith shall deliver the $5000.00 check to said Holcombe and Holcombe is to deliver an oil and gas lease to said Katherine Ryan on Lot #10 Reese Addition.

"Witness our hands this 20th day of December 1940.

"(Signed)   Katherine Ryan
"(Signed)   W. Clifford Holcombe."

Appellees' answer contains the following exceptions to appellant's petition:

"This defendant excepts specially to said petition and says that same alleges no cause of action against him for the following reasons:

"(a) The contract sued on herein is unenforceable for the reason that said contract provides for the transfer of an oil and gas lease on Lot 10, Reese Addition, for the reason that same is indefinite, ambiguous and in nowise discloses or makes ascertainable the character of the rights which were to be conveyed, and is therefore void and unenforceable under the Statutes of Fraud.

＊　＊　＊　＊　＊

"(c) Said contract sued on herein does not describe the oil and gas lease upon which specific performance is sought for the transfer of same, nor does it set out its terms, conditions, and for these reasons said contract is so indefinite and ambiguous that it is void and unenforceable under the Statute of Fraud.

"Wherefore, this defendant prays judgment of the court."

The above exceptions were presented to and sustained by the trial court. Appellant having declined to amend, the suit was dismissed, from which judgment she has appealed.

■ That the petition failed to state a cause of action, for reasons stated in the exceptions above copied, is sustained by Taber v. Pettus Oil & Refining Co., 139 Tex. 395, 162 S.W.2d 959, 141 A.L.R. 808, and authorities therein cited.

■ It is contended by appellant, in substance, that appellees' alleged special exceptions, above copied, amount to no more than a general demurrer; that, as use of "general demurrers" is prohibited by Rule 90, Texas Rules of Civil Procedure, the trial court had no authority to act upon and sustain such alleged exceptions, and for that reason his action in doing so was error. We are unable to agree with the contention that appellees' said exceptions constitute merely a general demurrer. We think they clearly meet the requirements of a special exception, as provided by Rule 91, Texas Rules of Civil Procedure, reading as follows:

"Rule 91.   Special Exceptions

"A special exception shall not only point out the particular pleading excepted to, but it shall also point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations in the pleading excepted to."

Appellees' special exceptions plainly point out with particularity the defects of the pleading excepted to, specifically showing its deficiency for the reasons stated in the exceptions. The fact that the exceptions went to the very basis of appellant's lawsuit, in showing that she alleged no cause of action, did not detract from the use of such exceptions as "special exceptions", nor did it convert them into a "general demurrer," within the meaning of that term as contained in Rule 90 prohibiting use of general demurrers.

The judgment of the trial court will be affirmed.