## HUNT v. DIXIE MOTOR COACH CORPORATION.
### No. 6155.

Court of Civil Appeals of Texas. Texarkana.
March 29, 1945.

Rehearing Denied April 5, 1945.

Homer C. Ellis, Edgar Wright, and B. Ray Smith, all of Paris, for appellant.

W. H. Barnes, of Terrell, for appellee.

WILLIAMS, Justice.

The trial court sustained each and all the exceptions leveled by Dixie Motor Coach Corporation, defendant below, to the original petition filed by Eula Hunt, wherein she sought to recover judgment for damages for the death of her father, Frank Fields, grounded on alleged negligence of defendant. Declining to amend, plaintiff appeals from the decree which dismissed the cause of action.

Plaintiff after pleading that the defendant as a common carrier of passengers operated motor busses for public hire over Texas Highway No. 5, which included the highway connecting the city of Paris with

Blossom; and after alleging earning capacity, contribution and life expectancy of her father, and other matters incident to measures of recovery, then with respect to negligence pleaded as follows:

"8. Deceased, on * * * the 14th day of September, 1942, went to Paris, Texas, where, by the use of intoxicating spirits, he became intoxicated to such an extent, that he was rendered mentally and physically incapable of protecting himself from danger, or of appreciating the danger incurred or produced by his acts and/or of knowing and understanding the nature and consequences of his acts, which condition continued up to and including the time and occasion of the receipt of him of mortal and fatal injuries. * * * While in such state of intoxication, deceased did at or about 7 o'clock P. M. on * * * September 14, 1942, purchase * * * in defendant's Paris * * * passenger bus depot, and from its ticket agent * * * a ticket entitling him to transportation by defendant's * * * busses to one of * * * defendant's regular stops, namely, Blossom, Lamar County. * * *

"9. At, or about, 7:30 P. M. on the date of said occasion, deceased * * * presented himself at * * * the loading door of defendant's regularly scheduled * * * bus plying between said points, with a view of * * * being thereby transported to Blossom, in accordance with his ticket therefor, but was by defendant's duly authorized agent and bus driver * * * refused permission to enter * * * or board said bus for the reason stated by defendant's said agents, that he, the said deceased, was too drunk and intoxicated.

"At all times * * * when deceased was on * * * defendant's said premises * * * although he was intoxicated * * * he was peaceful, quiet and orderly * * * all of which was * * * well and fully known * * * by * * * all of defendant's agents * * * on the occasion when, deceased presented himself for, and was refused transportation as aforesaid, he had a son, * * * who was then * * * dying of tuberculosis, to the aid and assistance of whom deceased was attempting to go * * * all of which was well and fully known to defendant * * *. Notwithstanding the extreme urgency * * * defendant * * * nevertheless, maliciously, * * * not only refused him the said passage * * *

but ejected him from its premises and into and upon the hazardously congested streets and highways leading to and from their said bus depot.

"12. Deceased was ejected from defendant's premises at an extremely dangerous place for a person in his then known mental and physical condition, in that, deceased in order to leave defendant's said premises and travel in the direction of his home, was forced to walk down, on and over a driveway constantly used and driven over by, defendant's busses, which driveway extended from the outer door of said depot some 100 feet before the same connected with the first street to the East thereof. Thence, deceased's route required him to proceed to North 21st Street and across Kaufman and Clarksville Streets to Lamar Avenue. Thence on and along Lamar, and over and across numerous intersection streets, a distance of approximately two (2) miles thus to arrive at * * * the corporate limits of the City of Paris, and to reach * * * State Highway No. 5 * * * leading from * * * Paris to deceased's home in Blossom, * * * a distance of * * * ten (10) miles.

"15. That deceased on and during the evening of September 14, 1942, and after defendant had refused him transportation as aforesaid, and as a direct and proximate cause and/or result thereof, was by said defendant knowingly allowed, permitted and/or required to leave its said bus depot while in such an intoxicated condition, that he was mentally and physically incapable of protecting himself from danger, or of appreciating the danger incurred or produced by his acts and/or of knowing and understanding the nature and consequences of his acts, and was by said defendant allowed, permitted and/or required to travel in, over and along said highly dangerous and congested City streets and highways, thus to by foot, reach, take and travel on and over said State Highway No. 5, * * *.

"16. That deceased while yet in said intoxicated condition and mental stupor, and while traveling in the direction of his home and his invalid son, and at a point in close proximity to, and not but a short distance, if any, east of, the incorporated city limits of Paris, Texas, and at a location near the crest of a sharp incline or hill, * * * was by a motor vehicle traveling on and over said State Highway No. 5 in an easterly direction, run down, into

and against, thus and thereby inflicting to, and upon him, fatal and mortal injuries, as a result of which he died on the 16th day of September, 1942, Whereby, plaintiff is, and has been damaged to the extent, and in the actual amount of $5,000.-00, and, by reason of defendant's wanton acts, gross carelessness and total disregard of and for human life, it should, and by right ought to be, pecuniarily punished in the additional amount of $10,000.00, and for all of which she asks and prays judgment."

Exception No. 1 reads:

"Defendant excepts to said petition and says that the same does not allege a cause of action against it for the following reasons:

"(a) Because it shows on its face that defendant is not guilty of any acts of commission or omission, or any negligence proximately causing the injuries and damages complained of;

"(b) Because said petition shows on its face that the injuries and damages complained of were too remote and unforeseeable to hold defendant liable therefor;

"(c) Because said petition shows on its face that the injuries and damages complained of were caused by a new and independent agency and cause and with which defendant had no connection and no control over;

"(d) Because said petition shows on its face that Frank Fields, the deceased, was guilty of negligence as a matter of law which caused or contributed to cause the injuries and damages complained of."

We are not in accord with plaintiff's contention that this exception fails to meet the requirements of a special exception as provided by rule 91, Texas Rules of Civil Procedure, and constitutes only a general demurrer. This exception in attacking the sufficiency of the petition as a whole did not present a blind attack upon the petition, for it is to be observed that it enumerates and points out four specific reasons why the petition fails to state a cause of action against the defendant.

"The fact that the exceptions went to the very basis of appellant's lawsuit, in showing that she alleged no cause of action, did not detract from the use of such exceptions as 'special exceptions', nor did it convert them into a 'general demurrer,' within the meaning of that term as contained in Rule 90 prohibiting use of general demurrers." Ryan v. Holcombe, Tex. Civ.App., 170 S.W.2d 838, 839.

We pretermit a discussion of the other exceptions leveled at various allegations and paragraphs of the petition. If it be assumed that the allegations in paragraph 15 above are tantamount to allegations that defendant's refusal to permit deceased passage on the bus at the time was the direct and proximate cause of the injuries received, and if it be further assumed that the allegations are sufficient to charge defendant with an unlawful refusal to permit deceased passage on the bus at the time, it is the opinion of this court that the petition fails to show or allege any facts from which it could be concluded that the acts and omissions of defendant so alleged were the proximate cause of the injury received as deceased traveled upon or near a public highway two miles distant from defendant's premises.

This injury so suffered not upon defendant's premises or in close proximity thereto but upon a public highway two miles away is not under the circumstances as pleaded such as might reasonably have been anticipated or foreseen by defendant as a natural or probable consequence of its alleged wrongful refusal of passage on the bus to deceased. Panhandle & S. F. R. Co. v. Sledge, Tex.Civ.App., 31 S.W.2d 146, and authorities collated; St. Louis & S. F. R. Co. v. Williams, Tex.Civ.App., 37 S.W. 992. The facts here do not involve an ejectment of a passenger at a dangerous isolated or unsafe place as is involved in Texas Central R. Co. v. Rose, Tex.Civ. App., 172 S.W. 756, cited by appellant. Under the facts and circumstances so alleged it is not thought it was the legal duty of defendant to have placed deceased under guard and confined him to the premises of defendant, as involved in Arlington Heights Sanitarium v. Deaderick, Tex.Civ. App., 272 S.W. 497; 10 Am.Jur. (Carriers) Sec. 1278; Thixton's Ex'x v. Illinois Central R. R., Ky., 96 S.W. 548, 8 L.R.A., N.S., 298, and authorities there cited.

The judgment is affirmed.