### HICKS v. THOMPSON et al.
No. 2765.

Court of Civil Appeals of Texas.

Tenth District. Waco.
Jan. 15, 1948.

John T. Spann and J. Frank Norton, both of San Antonio, for appellant.

Eskridge & Groce and Walter Groce, all of San Antonio, and Kelley, Lockett & Lockett, of Houston, and Davis & Davis, of San Antonio, for appellee Guy A. Thompson.

Oliver & Peace, of San Antonio, for appellee Brotherhood of Railroad Trainmen.

HALE, Justice.

Appellant sued Guy A. Thompson, trustee in bankruptcy for the San Antonio, Uvalde & Gulf Railroad Company, and the Brotherhood of Railroad Trainmen for damages, alleging as grounds of the recovery sought that he had been wrongfully discharged from the service of the railroad company. The three parties to the suit will hereafter be referred to as the employee, the carrier and the union, respectively.

In his Second Amended Petition the employee alleged in substance that on November 1, 1919 the carrier entered into a contract and working agreement with the union for the benefit of the latter's members; on February 1, 1926 the employee, as a member of the union, entered into the service of the carrier under the working agreement aforesaid; the working agreement provided in effect that the employee would not be discharged from the service of the carrier except for good cause and that the union would protect the rights of the employee against wrongful discharge; on April 23, 1942 the employee was acting in the course of his employment as a brakeman and flagman on a passenger train being operated by the carrier when the train was stopped between stations while enroute from Corpus Christi to San Antonio; and that the carrier thereafter wrongfully discharged the employee from its service upon the charge that the employee had failed to perform his duties on said occasion in that he failed, when the train was stopped, to leave the train and put out his warning signals a sufficient distance from the rear of said train. The employee further pleaded that his failure to leave the train and put out his warning signals under the existing circumstances, as therein fully alleged, did not constitute good cause for his discharge; that the union, acting by its General Grievance Committee, prosecuted his claim for reinstatement through regular channels as provided in the working agreement, including an appeal to the First Division of the National Railroad Adjustment Board, hereafter referred to as the board; and that the board denied his claim for reinstatement. He attached to his petition a verbatim copy of the board's award denying his claim. He also pleaded various other provisions of the working agreement and certain rules of the carrier and alleged that the union had

not properly prosecuted his claim for reinstatement as it was obligated to do, but had acted in bad faith and had committed a fraud in permitting his case to go before the board on incomplete and misleading evidence which resulted in the board's award denying his claim.

The carrier and the union separately answered the Second Amended Petition of the employee with numerous special exceptions. The trial court sustained each of the special exceptions contained in paragraphs 1 to 8 inclusive of the carrier's answer and sustained special exceptions 1 to 9 inclusive in the answer of the union. The employee excepted to the action of the court in sustaining each of such special exceptions and without asking leave further to amend his pleadings gave notice of appeal from the court's order sustaining such exceptions, whereupon the trial court dismissed the suit.

Under the First and Second Points in his brief the employee says the court below erred in sustaining (1) exceptions 1 to 8 inclusive in the answer of the carrier and (2) exceptions 1 to 9 inclusive in the answer of the union because such so-called special exceptions are in fact general demurrers "and the allegations complained of as being lacking are supplied by the petition excepted to." Under his Third Point the employee says the court erred in sustaining exceptions 1 and 2 of the carrier and exceptions 2, 4, 6, 7 and 8 of the union because they are each general demurrers and seek to set up the proceedings had before the Adjustment Board and its final award "as an election of remedies, estoppel, collateral attack, res adjudicata and lack of jurisdiction of the trial court, contrary to law and procedure and without any law to support either of said exceptions, and in dismissing plaintiff's suit."

In paragraphs 1 and 2 of the carrier's answer it specially excepted to the amended petition of the employee as a whole and asserted the same was fatally defective and insufficient to state any cause of action because it affirmatively appeared from the face thereof that the employee had presented his grievance on account of his claim for wrongful discharge to the proper officers of the carrier and had appealed to the Adjustment Board which denied him the relief prayed for in the suit; that such award was final and binding; that no allegation was made in his petition to the effect that the board acted arbitrarily, capriciously or fraudulently in making its award; and that the employee, having elected to carry his grievance to the board, is bound by the final award of the board denying his claim. In paragraphs 2, 4, 6, 7 and 8 of the union's answer it specially excepted to the employee's petition and to specific paragraphs thereof because the same was fatally defective, in that it affirmatively appeared therefrom that the employee had submitted the identical claim herein sued upon to the procedures outlined in the Railway Labor Act; that the Adjustment Board rendered a final award denying his claim; that his asserted cause of action constituted a collateral attack on the award of the board; that said award was final and binding upon the employee and constituted an estoppel by judgment; and that the allegations in the employee's petition to the effect that the union had acted in bad faith and had committed a fraud in handling his claim before the board were mere conclusions of the pleader, were vague and indefinite, and insufficient to place the union upon notice of the proof it might be required to meet, and that such allegations constituted no legal ground for setting aside the award of the board in a collateral attack.

■ We do not think the foregoing pleas, or any of them, amounted to a general demurrer within the meaning of Rule 90, Texas Rules of Civil Procedure. On the contrary, it appears to us that such exceptions, separately and collectively, pointed out intelligibly and with precise particularity the defects and omissions in the allegations of the petition excepted to, as well as the specific grounds upon which it was asserted by the carrrier and the union, respectively, that said petition was insufficient in law to sustain the recovery sought against each. Hence we hold that such exceptions were in compliance with the requirements of Rule 91, Texas Rules of Civil Procedure; Ryan v. Holcombe,

Tex.Civ.App., 170 S.W.2d 838; Hunt v. Dixie Motor Coach Corporation, Tex.Civ. App., 187 S.W.2d 250, error refused W. M.; Covington v. Associated Employers Lloyds Tex.Civ.App., 195 S.W.2d 209, error refused.

The Congress of the United States passed a comprehensive act in 1926, thereafter amended in 1934, known as the Railway Labor Act, 45 U.S.C.A. § 151 et seq. One of the recited purposes of this act is "to provide for the prompt and orderly settlement of all disputes growing out of grievances or out of the interpretation or application of agreements covering rates of pay, rules, or working conditions." In order to carry out its expressed purposes this act authorizes the creation of a National Railroad Adjustment Board with certain powers and jurisdiction as therein defined and provides in substance, among other things, that disputes between an employee and a carrier growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules or working conditions, if not adjusted by the chief operating officer of the carrier designated to handle such disputes, may be referred by the petition of the parties or by either party to the Adjustment Board, and that the awards of the Adjustment Board on disputes so referred to it "shall be final and binding upon both parties to the dispute, except in so far as they shall contain a money award."

In construing the foregoing provisions of the Railway Labor Act the Supreme Court of the United States has held that an employee is not compelled to submit his grievance to the Adjustment Board after it has been passed upon by the chief operating officer designated by the carrier. Under such circumstances the employee may, at his election, either appeal to the board from the final decision of the carrier or he may institute suit in a court of competent jurisdiction for the redress of his grievance. Moore v. Illinois Central Ry. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089. However, if either party or his authorized representative elects to appeal from the decision of the chief operating officer of the carrier to the Adjustment Board, then under the express provisions of this Act the award of the board, unless it contains a money award, is binding upon the parties to the dispute, and it cannot be collaterally attacked in subsequent litigation between the same parties to the same dispute. Washington Terminal Co. v. Boswell, 75 U.S.App.D.C. 1, 124 F.2d 235, certiorari denied 315 U.S. 795, 62 S.Ct. 916, 86 L.Ed. 1197.

The award attached to the petition of the employee in this case recites that the carrier and the union are parties to the dispute involving the claim of the employee for reinstatement; that the Adjustment Board has jurisdiction over the dispute between the employee and the carrier, within the meaning of the Railway Labor Act; and that the Adjustment Board, upon the whole record and all the evidence, finds no cause for disturbing the disciplinary action of the carrier in dismissing the employee from its service, and hence the claim is denied. There is no allegation in the petition of the employee to the effect that the board acted arbitrarily, capriciously or fraudulently in the rendition of said award. Consequently, we think the award of the Adjustment Board is binding and conclusive on the parties to this suit, and that the petition of the employee is fatally defective and insufficient in law to authorize any recovery against the carrier or the union for the reasons and upon the grounds fully set forth in their special exceptions to said petition. Berryman v. Pullman Co., D.C., 48 F.Supp. 542; Railroad Yardmasters of North America v. Pittsburgh & L. E. R. Co., D.C., 39 F. Supp. 876; Switchmen's Union of North America v. National Mediation Board, 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61; General Committee v. Southern Pacific Co., 320 U. S. 338, 64 S.Ct. 142, 88 L.Ed. 85; General Committee, etc., v. Missouri-K-T R. Co., 320 U.S. 323, 64 S.Ct. 146, 88 L.Ed. 76.

Having concluded that no reversible error is shown by the record before us, all of appellant's points are overruled and the judgment of the court below is affirmed.