### MARTIN v. HUNTER.

#### No. 12146.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 4, 1950.

Rehearing Denied Nov. 1, 1950.

W. Pat Camp, E. B. Branch, and Chas. W. Duke, all of San Antonio, for appellant.

L. M. Bickett, San Antonio, for appellee.

NORVELL, Justice.

This is an appeal from an order of dismissal following the sustaining of a special exception and a refusal to amend. The parties will be designated as in the trial court.

Two questions are presented:

First, Is the petition defective in the particular pointed out in the special exception? Or, stated another way as applicable to the facts of this case, does the petition fail to state the basis of a claim against defendant because of the alleged defect specifically pointed out in the exception?

Second, Do the affirmative allegations of the petition preclude a recovery by plaintiff? This question does not involve the omission of essential allegations to state a cause of action, but relates to the inclusion of averred facts which would defeat a recovery.

Plaintiff's claim is based upon an alleged wrongful taking over of his business and property by the defendant. According to the petition, plaintiff owned certain property, such as machinery, furniture, fixtures and equipment, which he used in the conduct of his business. This property was mortgaged to defendant, who after default and purportedly acting under the terms of said mortgage seized plaintiff's property and business on August 22, 1947, thereafter treating it as his own, and subsequently sold the property covered by the mortgage some three months later, at a foreclosure sale on November 29, 1947. A copy of the chattel mortgage and the note secured thereby was attached to the petition. The mortgage authorized the holder of the note in case of default "to forthwith take possession of all the personal property described and to sell the same at public auction, for cash, at San Antonio, in Bexar County, Texas, after giving notice of the time, place and terms of said sale, by posting up notices of said sale in the manner and form required by the statutes of the State of Texas, for the sale of personal property under chattel mortgage."

Defendant's exception reads as follows: "That defendant specially excepts to plaintiff's petition because said petition, together with the exhibits attached thereto, shows upon its face that defendant took possession of the personal property described in said petition under the terms of his chattel mortgage and thereafter foreclosed said chattel mortgage and acquired title to said property, by reason whereof no facts are stated which would warrant the recovery of either actual or exemplary damages."

The general demurrer was abolished by Rule 90, T.R.C.P., and Rule 91 prescribes that a special exception shall point out specifically the insufficiency of the pleading excepted to.

The test of whether an objection is a general demurrer or a special exception lies in the particularity with which the supposed defect or insufficiency of pleading is pointed out. Obviously, a specific and detailed objection may go to the very basis of the pleaded claim and the fact that the assertion that no cause of action is stated follows a particularized objection does not change the exception into a general demurrer. Ryan v. Holcombe, Tex.Civ.App., 170 S.W.2d 838. However, the objection should be sufficiently specific so that the

opposing party may be informed of the defect and amend his pleadings accordingly, provided the defect be of a nature that may be cured by amendment. An objection to pleading made in compliance with the requirements of Rule 91 is similar to a valid objection to the introduction of evidence. It must be informative so that it may be obviated if possible. Dabney v. Keene, Tex.Civ.App., 195 S.W.2d 682; Southern Underwriters v. Weldon, Tex.Civ. App., 142 S.W.2d 574.

■ In our opinion, the matters specifically mentioned in the exception, i. e., the fact that defendant took possession of the personal property under the terms of the chattel mortgage and thereafter foreclosed the same does not preclude a recovery of damages by plaintiff. Defendant's possession of the property, insofar as it was lawful, was that of a mortgagee and not that of an owner. Such possession was for the purpose of effecting a foreclosure sale and defendant was not authorized to treat the property as his own. Harling v. Creech, 88 Tex. 300, 31 S.W. 357; 14 C.J. S., Chattel Mortgages, § 183, page 790. The fact that plaintiff's petition may not have stated a cause of action because of some defect not specified in the exception is beside the point insofar as the present question is concerned. We are not considering a general demurrer and it seems to us that defendant's counter-points, set out in the margin,[1] go beyond his special exception and, in effect, present the argument that the petition was subject to a general demurrer or to certain other and further objections not specified in the exception.

The first question stated must be answered in the negative.

■ We next consider the second question. It seems that in unusual cases the action of a trial court in treating a special exception as a general demurrer and dismissing a cause may properly be classified as a harmless error not requiring a reversal of the judgment. In Kelly v. Wright, 144 Tex. 114, 188 S.W.2d 983, the plaintiff in a bill of review affirmatively alleged facts which if true would defeat the bill. The Supreme Court held that in view of this situation the error of the trial court and the Court of Civil Appeals, in giving effect to what amounted to a general demurrer was harmless.

The situation here differs from that disclosed by the report of Kelly v. Wright. It is alleged that defendant did "on or about August 22, 1947, assume and take possession of said business and property to the exclusion of plaintiff and thereafter defendant dealt with said property as his own. * * * Defendant assumed complete charge and possession of said business and property aforesaid, including the leased premises, telephone, and all other services, property, tools, and equipment of every character, including the bank account of said business, the incoming mail, and such checks as were included therein payable to the order of Plaintiff, and said Defendant continued to operate said business until on or about November 29, 1947, at which time he foreclosed his said chattel mortgage lien aforesaid by public sale."

■ These allegations charge that defendant exceeded his contract rights under

1. "Counter Point No. 1. Appellant, having alleged that appellee took possession of personal property under a chattel mortgage and foreclosed the chattel mortgage lien and acquired title to the property, could not recover damages in a lump sum for alleged conversion of both the personal property and a 'business' where there was no separation of damages sought for the alleged conversion of the personal property from damages sought for the alleged conversion of the 'business.'

"Counter Point No. 2. The petition stated no cause of action for damages for

alleged conversion of a 'business', because a 'business' does not constitute tangible property capable of being converted.

"Counter Point No. 3. Appellant, having sued for damages for the value of personal property alleged to have been converted and, also, for damages for alleged conversion of a 'business' wherein the identical personal property was used, thereby sought a double recovery, because there was no separation of the value of the personal property from the value of the 'business' without the personal property."

the chattel mortgage, and while the petition may be defective in various particulars and the form of action misnamed, the affirmative allegations do not show that plaintiff can not recover. The second question stated must also be answered in the negative. The error of the lower court can not be classified as harmless.

The order of dismissal is reversed and the cause remanded for further proceedings not inconsistent with this opinion.