**C. L. YEATMAN, Jr., Appellant.**

v.

**Jack NELMS, Appellee.**

No. 3623.

Court of Civil Appeals of Texas.

Eastland.

March 24, 1961.

Woodward & Johnson, Coleman, for appellant.

R. E. Murphey, Coleman, for appellee.

WALTER, Justice.

Jack Nelms filed suit against C. L. Yeatman, Jr., on a verified account for $2,100. Yeatman filed a special exception and a verified denial. In a non-jury trial the court overruled Yeatman's special exception and entered judgment for the plaintiff for $2,100. The defendant has appealed from such judgment on one point of error, namely, the court erred in overruling his special exception to plaintiff's pleadings.

Nelms pleaded that at the special instance and request of Yeatman he overhauled the draw works and pump compound shaft of Yeatman's drilling rig. Nelms pleaded in detail the following: "That during the month of August, 1958, plaintiff at the special instance and request of defendant, overhauled the draw works and pump compound shaft of defendant's drilling rig, stripped the draw works, straightened shafts of same, rebuilt key seats and made new keys for same, made bearings and supports for shafts, made new apacers and sleeves, built up and machined all clutches and sprockets throughout gear box, made

new shaft for foot controls, new throttle shaft and bushed housings and foot pedals, built up and machined catheads, and repaired guards as ordered, and welded on flanges on brake drum, for which plaintiff charged the defendant the reasonable sum of $3,189.00 for labor and use of plaintiff's machines used in making the said overhaul * * *". Nelms then set forth in detail the materials used and the prices charged for same.

Yeatman filed the following special exception: "Now comes the Defendant, C. L. Yeatman, Jr., and excepts to Plaintiff's Original Petition for the reason that same does not apprise defendant of the number of labor-hours nor the rate per hour, the unit price for materials furnished and machines used, nor any other particulars which would enable Defendant to ascertain the correctness or justness of the alleged debt. Of which special exception Defendant prays judgment of the Court."

Yeatman testified that Nelms did a good job on his rig and that he wrote Nelms two letters and, in effect, told him he did a good job and that he was going to pay him when he was able to do so.

Nelms testified that he charged Yeatman the usual, reasonable and customary charges for the labor and materials furnished. He further testified: "Q. You didn't pad that bill any way? A. I took the hours—I told Yeatman a while ago I took the hours off the sheet just as they worked, put it on a pad, added up the total, same as I do every piece of equipment I overhaul. Q. Since that was made in '58 you destroyed those tabs? A. Yes, sir. I don't have a tab that is in this year right now."

No abuse of discretion of the trial court or injury to appellant resulting from overruling the special exception has been shown. "Moreover, a large measure of discretion is lodged in the trial court in passing on the exceptions to the pleadings, as well as to the time that he hears the same, and, in the absence of a showing of abuse of discretion of injury resulting from the ruling of the trial court, the ruling will not be disturbed." Southern Underwriters v. Hodges, Tex.Civ.App., 141 S.W.2d 707 711, (Writ Ref.).

Judgment affirmed.