ARROW CHEMICAL CORPORATION,
Appellant,

v.

William E. ANDERSON et al.,
Appellees (two cases).

Nos. 16494, 16526.

Court of Civil Appeals of Texas.

Dallas.

Jan. 8, 1965.

Rehearing Denied Feb. 5, 1965.

Tobolowsky, Hartt, Schlinger & Blalock, Dallas, for appellant.

Goldberg & Alexander, and Palmer & Palmer, Dallas, for appellees.

WILLIAMS, Justice.

These two appeals, closely interrelated, are from two separate judgments, both granting and denying temporary injunctions and flowing from an original cause of action. Arrow Chemical Corporation (hereinafter referred to as "Arrow") instituted this suit originally in the district court against William E. Anderson (hereinafter referred to as "Anderson"), Maurice A. Tharp, Jr. (hereinafter referred to as "Tharp") and Anko Products Company of Texas, Inc. (hereinafter referred to as "Anko"). Basically Arrow's suit was for a temporary injunction to enforce a non-competitive agreement and to protect what Arrow alleged was a trade secret. Arrow asserted that on September 19, 1962 it entered into a written agreement with Anderson whereby Anderson was employed by Arrow as a salesman for its products; that Anderson agreed that he would not compete with Arrow for a period of one year after he ended his employment; and further agreed that a certain formula for a product known as CS–141, being a concrete stripper manufactured by Arrow, was a trade secret. Arrow alleged that on March 18, 1964 Anderson terminated his employment with Arrow and at

that time entered into another written agreement wherein he reaffirmed the September 19, 1962 contract concerning the restrictive covenant and also the validity of the trade secret. Arrow claimed that following the termination of his employment with Arrow, Anderson entered into a conspiracy with Tharp whereby the corporation known as Anko was formed and that Anderson became an employee of Anko. It was further said that Anderson violated the terms of the restrictive covenant by competing with Arrow and further violated the agreement by divulging the trade secret to Anko and Tharp which resulted in Anko manufacturing and selling the same product in competition with Arrow. Arrow asked that Anderson be restrained from violating the non-competitive agreement and further requested that a temporary injunction be issued against Anko and Tharp restraining them from using formula CS–141 and also from employing Anderson to sell or solicit the sale of the products manufactured by Arrow, including CS–141, for the period of the contract between Anderson and Arrow. Defendants, in their answer to Arrow's petition, presented numerous defenses, including the illegality of the non-competitive agreement because of vagueness and failure to limit the area covered; a denial that a trade secret existed; and further, that Arrow did not come into a court of equity with clean hands. Trial was had before the court, without a jury, which resulted in the rendition of a judgment, enjoining Anderson from personally using the formula known as CS–141 and further enjoining Anderson, during the restrictive period, from calling on, soliciting or selling to anyone who was a customer of Arrow at the time he left the company's employment, such customers being identified in an attached exhibit to the judgment. The court's judgment denied all of Arrow's relief for injunction against Anko and Tharp. All parties gave notice of appeal.

## OPINION IN CAUSE NO. 16,494

■ In this appeal appellant Arrow presents four points of error in which it

complains that the court erred (1) in finding that the formula for CS–141 was not a trade secret; (2) in refusing protection for appellant's secret formula; (3) in refusing to find a conspiracy between Anderson, Tharp and Anko to appropriate Arrow's trade secret; and (4) in refusing to impute certain knowledge to Tharp which he had received from his attorney Goldberg in forming the new corporation, Anko. Appellees urge upon us their motion to strike appellant's points for the reason, *inter alia,* that same fail to present the proper question in an appeal from a temporary injunction, namely, whether the trial court abused its discretion in granting or refusing to grant the injunctive relief. It is true, as contended by appellees, that the Supreme Court of Texas has clearly enunciated the rule that on appeal from interlocutory orders and injunction matters the narrow question is whether the trial court abused its discretion in entering the order appealed from and further, that such order should not be overturned unless the record discloses the clear abuse of such discretion. Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460; Railroad Commission v. Shell Oil Co., 146 Tex. 286, 206 S.W.2d 235; Southwestern Greyhound Lines, Inc. v. Railroad Commission, 128 Tex. 560, 99 S.W.2d 263, 109 A.L.R. 1235; and Janus Films, Inc. v. City of Ft. Worth, 163 Tex. 616, 358 S.W.2d 589. However, in considering this motion to strike we are mindful of the injunction of Rule 422, Texas Rules of Civil Procedure, which directs us to give liberal construction to briefing rules. We have previously held that where appellant's points on appeal, as presented, were subject to criticism concerning form we would, nevertheless, consider same where the substance of the objection clearly appears in the brief, either under argument or statement. DialTemp Air Conditioning Co. v. Faulhaber, Tex.Civ.App., 340 S.W.2d 82. The liberality of construing briefing rules is especially applicable to appeals from

interlocutory injunction orders as evidenced by the provisions of .Rule 385, T.R.C.P. In fact, briefs in such appeals are not a necessary prerequisite. Austin v. Consolidated Casting Co., Tex.Civ.App., 246 S.W.2d 273; Dunn v. Patton, Tex.Civ.App., 360 S.W.2d 837. Following the statement and argument under each of its points, appellant does, under the heading of "Discussion", pursue the proposition that the trial court in this case did abuse its discretion in failing to maintain the *status quo* and also in failing to apply the undisputed facts to the law applicable thereto. For these reasons we overrule appellees' motion to strike appellant's points.

By its first two points appellant Arrow, in essence, complains that the trial court should have granted injunctive relief to protect its trade secret relating to the concrete stripper known as CS–141. The judgment rendered in this appeal did grant Arrow injunctive relief as against Anderson, individually, specifically finding that "the defendant Anderson is bound contractually with Arrow Chemical Corporation to the effect that CS–141 is determined to be a trade secret as between said Anderson and the Arrow Chemical Corporation." Arrow makes no complaint against this part of the judgment so the real question presented is whether the implied denial of the trial court to find the existence of the trade secret as between Arrow and Anko and Tharp amounted to an abuse of discretion. An answer to the problem requires a consideration of the evidence relating to the question of trade secret.

From the standpoint of appellant, Leonard Meritz, Vice-President of Arrow, testified that the concrete stripper know as CS–141, being a primary product of Arrow, is a closely guarded secret, never publicized nor revealed and that the company has written contracts between itself and Anderson, Schwiff and others admitting the secrecy of such formula.

However, the evidence is undisputed that the formula for CS–141 concrete stripper was developed by one Robert DeRosier, an experienced chemist and chemical engineer, and being part owner of Research Products. Company. Long prior to his employment with Arrow, Anderson, who was at that time a salesman for Paper Supply Company, asked DeRosier to give him a formula. for a concrete stripper and DeRosier complied with such request. Anderson gave the formula to Paper Supply Company, who processed and used it. DeRosier had also given the same formula to Crane Chemical Company of Dallas, Scientific Supply Company of Denver, Colorado, Hunter Industrial Chemicals, Houston, Texas, and Research Products, his employer. DeRosier testified that the formula was simple and could be analyzed by any chemist within an hour's time. He testified further that he knew of some fifteen to twenty different companies manufacturing the same product or one similar to it. He said that the formula which he gave Anderson was generally known in the chemical trade among people who do their own compounding. Anderson testified that when he left Paper Supply Company and went to work for Arrow that he consented to let Arrow use the formula. The witness Brand, a principal stockholder in Paper Supply Company, testified that Paper Supply Company was still using the formula and expressed the belief that the secret relating to CS–141 was not in the product itself but is in the selling of the product.

Our Supreme Court, in Wissman v. Boucher (1951), 150 Tex. 326, 240 S.W.2d 278, at 280, said:

"The subject matter of a trade secret must be secret. Matters of general knowledge in an industry cannot be appropriated by one as his secret. Restatement, Torts, Ch. 36, p. 7."

■■ The above summary of the evidence relating to trade secret clearly reveals ample evidence to support the trial court's. implied finding as to the absence of a genuine trade secret as between Arrow and Tharp and Anko. We must find in support of the trial court's judgment if

there is evidence of probative value in the record to sustain the findings. McWilliams v. Muse, 157 Tex. 109, 300 S.W.2d 643; North East Texas Motor Lines v. Dickson, 148 Tex. 35, 219 S.W.2d 795, 11 A.L.R.2d 1065; Wilson v. Teague Ind. School Dist., Tex.Civ.App., 251 S.W.2d 263.

■ There being evidence to support the court's judgment, can we say that the court abused its discretion in applying the facts to the law and denying to Arrow injunctive relief as against Tharp and Anko? Obviously, we cannot do so. There is no abuse of discretion presented here. The evidence is conflicting as to the question of trade secret. We are not to substitute our judgment for that of the trial court in a case of this kind. While it is true that Anderson entered into a written contract, which was later reaffirmed in writing, and in which he stated that the formula was to be considered a "trade secret" as between him and Arrow, this fact does not in any way bind Anko and Tharp, they not being privy to this contract. There is evidence that Tharp did not know anything concerning the provisions of these contracts until after Anderson was employed by Tharp and Anko.

Appellant relies upon Hyde Corporation v. Huffines, 158 Tex. 566, 314 S.W.2d 763, and K & G Oil Tool & Service Co. v. G & G Fishing Tool Service, 158 Tex. 594, 314 S.W.2d 782. A careful review of these cases reveals that both involve patented products and also involve findings that trade secrets existed subject to being protected by injunctive relief. While the law announced in those cases is clearly well settled, it has no application to the facts presented to us on this appeal. Here the trial judge found, based upon ample evidence of probative value, that there was no trade secret, especially as to Tharp and Anko. There being no abuse of discretion in so finding and denying injunctive relief, we overrule appellant's first two points of error.

■ Appellant's Points 3 and 4 complain of the court's action in refusing to find a conspiracy between Anderson, Tharp and Anko to appropriate Arrow's trade secret and in refusing to hold that Tharp was charged with knowledge of his agent Anderson and his attorney Goldberg in forming the new corporation, Anko. The statement of facts in this case is lengthy and contains testimony of numerous witnesses relating to the allegation of conspiracy. It would serve no useful purpose to summarize here the testimony of the various witnesses. The trial court found, impliedly, that there was no conspiracy. The evidence on the question of conspiracy was conflicting and the trial court's action in resolving this conflict in favor of appellees Tharp and Anko does not amount to abuse of discretion. We have carefully examined appellant's Points 3 and 4 and finding the same without merit, overrule the same.

Appellees Tharp and Anko present three cross-points of error contending that the trial court erred in granting injunctive relief against Anderson for the reason that (1) Arrow's pleadings are not properly verified; (2) the court should have allowed evidence on the defense of unclean hands; and (3) the court erred in failing to apply the doctrine of unclean hands as to Arrow. We have carefully examined these cross-points and find no merit to any of them.

■ The affidavit attached to Arrow's petition states that affiant "has read the foregoing petition, and each and every page thereof, and that the statements contained therein are true." We believe that this substantially complies with the provisions of Rule 682, T.R.C.P. which requires that a petition in an injunction suit must be verified.

■ As to the cross-points dealing with the question of "unclean hands" appellees Tharp and Anko complain of the refusal of the trial court to permit them to develop certain testimony given by Anderson. On direct examination by appellant, Anderson testified that he had a restrictive covenant not to compete with Paper Supply Company at the time he entered into the agreement

to be a salesman for Arrow. It was also developed that a specific trust was set up to protect Anderson and Arrow in the event Paper Supply Company, Anderson's former employer, should sue Anderson for violation of their non-competitive agreement. The trial court ruled that the question of fact as to unclean hands was to be limited to dealings between the same parties and refused appellees' tender of certain other testimony dealing with the transaction between Anderson and Paper Supply Company. We think the action of the trial court in limiting the issue of unclean hands to transactions between the parties, and not permitting same to extend to third parties, was proper. Omohundro v. Matthews, 161 Tex. 367, 341 S.W.2d 401; 19 Am.Jur. 327, § 473. Any possible error committed by the trial court in refusing appellees' right to further develop testimony relating to transactions between Anderson and Paper Supply Company would be harmless under this record. Rule 434, T.R.C.P.

Appellee Anderson, in a separate brief, submits the same counterpoints as are contained in the brief for appellees Tharp and Anko. He does not present a cross-point complaining of the action of the trial court in issuing a temporary injunction against him. However, in his argument and authorities under his first and second counterpoints he does state that the trial court erred in enjoining him from soliciting or selling to anyone who was a customer of Arrow because he contends such order is too broad and unenforceable since it does not contain a geographical limitation or properly describe the accounts which he must not contact. Applying the same rule of liberality of briefing as we have heretofore done in this opinion, we consider this as a cross-point of appellee Anderson and overrule same. The Supreme Court of Texas in Weatherford Oil Tool Co. v. Campbell, 161 Tex. 310, 340 S.W.2d 950, said:

"Since the decisions in Lewis v. Krueger, Hutchinson and Overton Clinic, 153 Tex. 363, 269 S.W.2d 798, and Spinks v. Riebold, Tex.Civ.App., 310 S.W.2d 668 (wr. ref.), it can no longer be said that a covenant not to compete is void and unenforceable simply because it is not reasonably limited as to either time or area. These cases hold that although the territory or period stipulated by the parties may be unreasonable, a court of equity will nevertheless enforce the contract by granting an injunction restraining the defendant from competing for a time and within an area that are reasonable under the circumstances."

The judgment rendering the temporary injunction against Anderson in this case is made reasonable by the trial court by attaching to the decree a list of names and addresses of those accounts of Arrow that Anderson is prohibited from contacting. Any question concerning the vagueness and uncertainty of the court's order is completely eliminated by the attached exhibit which forms a part of the judgment itself.

Finding no merit to any of the points or cross-points presented, the judgment of the trial court is affirmed.

### OPINION IN CAUSE NO. 16,526

Following the order of the trial court which was the subject of the appeal in Cause No. 16,494, and on August 7, 1964, appellant Arrow filed an amended pleading in the original suit in which it made additional defendants, Jinks and Caplan, seeking to restrain and enjoin said additional defendants from engaging in competitive activities with Arrow. Appellant Arrow also alleged that at the time of the incorporation of Anko Tharp had borrowed the sum of $6,000 from Anderson and had given to Anderson a certain promissory note in the sum of $6,000, all of which Arrow contended was a part and parcel of the conspiracy between Anderson, Tharp and Anko to deprive Arrow of its trade secret. Arrow alleged that Anderson was insolvent and if it obtained a judgment for damages

against Anderson the same could not be collected. Arrow therefore prayed for the issuance of a temporary restraining order and temporary injunction against Anderson asking that he be enjoined from transferring to a holder in due course the promissory note in question and also enjoining Tharp from paying off the obligation of the promissory note pending outcome of the litigation. In the answer to this complaint it was alleged that Anderson had previously transferred the promissory note on July 20, 1964 to the Wynnewood State Bank and that on August 3 and August 7, 1964 Tharp had paid off the note to Wynnewood State Bank.

▮ Anderson, Tharp and Anko directed special exceptions to that portion of Arrow's pleadings seeking an injunction restraining the transfer of the promissory note for the reasons: (1) that the court had no power to grant an injunction restraining the transfer of a note pursuant to the allegations contained in Arrow's pleadings; (2) that it was apparent from the face of the pleadings that Arrow was a stranger to the debt owed by Tharp to Anderson and therefore no facts existed justifying the issuance of an injunction in restraining the payment of said debt; and (3) it is apparent from the face of the pleadings that Arrow has an adequate remedy at law by garnishment or attachment if the facts alleged were correct. The trial court issued the restraining order and temporary injunction against the new defendants Jinks and Caplan. No appeal is taken from that portion of the order. The trial court sustained the special exceptions of Anderson, Tharp and Anko and dismissed the petition for injunction relating to the promissory note. From this portion of the judgment Arrow appeals, contending, in seven points of error, that the trial court erred in sustaining the special exceptions and denying the temporary injunction as to the transfer and payment of the promissory note. As we have heretofore discussed, in our disposition of Appeal No. 16,494, the real question, and the only question, for our appellate review from an order denying the issuance of a temporary injunction, is whether the trial court abused its discretion in refusing to issue the temporary injunction requested by Arrow. It is undisputed that Arrow was not a party to the loan transaction between Tharp and Anderson. Arrow was a complete stranger to this transaction. Arrow's argument in support of this contention that it was entitled to a temporary injunction is predicated upon the presumption that there was a conspiracy from which some damage may flow, which presumption is contrary to the court's findings which we have upheld. Therefore, Arrow's claim is based upon an allegation for unliquidated damages which is certainly speculative in character. Arrow's only claim is that it is entitled to restrain the passing of a negotiable instrument on the theory that it might possibly recover a judgment on an unliquidated claim and that the defendant may be liable for damages for which Arrow may not recover at some future date because of insolvency of Anderson.

Arrow, in its brief, candidly states that it has found no cases holding in support of its contention now presented before this court. Neither have we found such a case. Arrow cites authorities dealing with the injunction as between parties to negotiable paper but obviously these are not applicable here since it was a total stranger to the note sought to be enjoined from payment.

We believe that the opinion of this court in Pappas v. D'Clonis, Tex.Civ.App., 254 S.W. 588, err. dism., has some application to the situation here presented. In that case one partner sold his interest to the other and received notes and a chattel mortgage. Under the contract, the selling partner made such guarantees as to the payment of specific debts which the buyer claimed he had breached. The buyer brought suit, seeking an injunction to restrain the seller and his wife, to whom he had assigned the notes, from passing them during the pendency of the suit, requiring them to tender the notes into court. In reversing the trial

court's action in granting the injunction, we said:

"An examination of the petition renders it clear that the temporary injunction was improperly granted. The substance of the petition is that a transaction free from misrepresentation or any other vice was concluded between the parties, and that in connection therewith and incident thereto the notes were executed and delivered as valid and binding obligations against appellee, and that no defense in connection with the transaction itself in which they were executed exists against them. Transactions wholly disassociated with that in connection with which the notes were given were alleged for the purpose of disclosing that out of such other transactions liability for certain unliquidated damages exists in behalf of appellee against appellant."

The transaction between Anderson and Tharp is free from misrepresentation and the note was executed and delivered as a valid and binding obligation between Anderson and Tharp. Moreover, as stated in the Pappas v. D'Clonis case, supra, an injunction will not issue to enjoin the transfer of negotiable notes, where there is an adequate and complete remedy at law. We fail to find any abuse of discretion on the part of the trial judge in dismissing Arrow's application for temporary injunction under these facts. Arrow's first six points on appeal are overruled.

By its seventh point Arrow contends that the trial court erred in failing to apply the undisputed facts to the law of this case. In this point Arrow says that the court abused its discretion in sustaining the exceptions and dismissing the suit. We do not agree with Arrow in this connection. It has been often said that a large measure of discretion is lodged in the trial court passing on exceptions to the pleadings and in the absence of a showing of an abuse of discretion or injury resulting from the ruling of the trial court, the ruling will not

be disturbed. Southern Underwriters v. Hodges, Tex.Civ.App., 141 S.W.2d 707; Tucker v. Northcutt, Tex.Civ.App., 248 S.W.2d 750; Yeatman v. Nelms, Tex.Civ. App., 345 S.W.2d 351. We believe that the special exceptions of Anderson, Tharp and Anko pointed out with particularity the defects of Arrow's pleadings and the trial court was justified in sustaining same thereby dismissing the application. Ryan v. Holcombe, Tex.Civ.App., 170 S.W.2d 838; Hunt v. Dixie Motor Coach Corp., Tex. Civ.App., 187 S.W.2d 250.

Finding no merit in any of Arrow's points on appeal the judgment of the trial court is affirmed.

Affirmed.