**VULCRAFT, INC., Appellant,**

v.

**Carl E. KERN et al., Appellees.**

**No. 5174.**

Court of Civil Appeals of Texas, Eastland.

May 18, 1978.

Richard W. Davis and Charles J. Wittenburg, Smith, Davis, Rose, Finley & Hofmann, San Angelo, for appellant.

Dale Harvill and E. Michael Mayes, Harvill and Hardy, Houston, for appellees.

BRADBURY, Justice.

This is a venue suit. Carl E. Kern, Danny Del Hierro, and Jackie Wayne Coates by separate suits sued in Brown County, Texas, Kohler Company, Swindell-Dressler Company, Vulcraft, Inc., The Herman Bennett Company and Central Texas Iron Works, Inc. Plaintiffs' suits were consolidated and we will hereafter refer to Kern, Hierro, and Coates as plaintiffs. Vulcraft filed its plea of privilege seeking to have the controversy transferred to Houston County. Plaintiffs filed identical controverting affidavits seeking to retain venue in Brown County under Subdivisions 9a, 23 and 27, Article 1995, V.A.T.S. The trial court overruled defendants' pleas of privilege. Vulcraft appeals and we affirm.

The question is were the controverting affidavits of plaintiffs defective and if so, was this defect waived. Vulcraft filed special exceptions to the controverting affidavits which were overruled. Defendant specially excepted as follows:

"Now comes VULCRAFT, INC., a Defendant in the above entitled and numbered cause, and specially excepts to the Controverting Affidavit filed herein by Plaintiff for the reason that such is insufficient in that the Controverting Plea or Affidavit was not filed under oath as required by Rule 86 of the Texas Rules of Civil Procedure.

Of which foregoing special exception, Defendant prays judgment of the Court."

In its brief, Vulcraft argues the controverting affidavits were defective because of the following language: "that the facts and statements contained in the foregoing instruments are true and correct to the best of his knowledge and belief". Vulcraft contends that the words "to the best of his knowledge and belief" are not an unequivocal verification as required by Rule 86, T.R. C.P. It is unnecessary for us to make this determination.

The controverting affidavit was signed and the jurat appears complete. Vulcraft did not point out in its special exception the reasons why the controverting affidavit did not meet the requirement of Rule 86, T.R. C.P. other than it was not "signed" under oath. We think the objection was too general and the alleged defect was waived.

In *Martin v. Hunter,* 233 S.W.2d 354 (Tex.Civ.App.—San Antonio 1950, writ ref. n. r. e.), the court stated:

"The test of whether an objection is a general demurrer or a special exception lies in the particularity with which the supposed defect or insufficiency of pleading is pointed out. Obviously, a specific and detailed objection may go to the very basis of the pleaded claim and the fact that the assertion that no cause of action is stated follows a particularized objection does not change the exception into a general demurrer. *Ryan v. Holcombe,* Tex.Civ.App., 170 S.W.2d 838. However, the objection should be sufficiently specific so that the opposing party may be informed of the defect and amend his pleadings accordingly, provided the defect be of a nature that may be cured by amendment. An objection to pleading made in compliance with the requirements of Rule 91 is similar to a valid objection to the introduction of evidence. It must be informative so that it may be obviated if possible. *Dabney v. Keene,* Tex.Civ.App., 195 S.W.2d 682; *Southern Underwriters v. Weldon,* Tex.Civ.App., 142 S.W.2d 574."

The judgment of the trial court is accordingly affirmed.