D. W. MILLER and C. W. Miller, Appellants,

v.

TEXSTEAM CORPORATION, Appellee.

No. 5393.

Court of Civil Appeals of Texas.

El Paso.

Aug. 3, 1959.

Rehearing Denied Sept. 30, 1959.

Stubbeman, McRae, Sealy & Laughlin, F. H. Pannill, Midland, for appellants.

Price, Guinn, Veltmann & Skelton, Houston, Turpin, Kerr, Smith & Dyer, Thornton Hardie, Jr., Midland, for appellee.

ABBOTT, Justice.

This is an appeal from a temporary injunction granted by the trial court enjoining appellants from attempting, directly or indirectly, to carry on a similar business to that carried on by appellee, in a competitive line or lines, during the period until January 1, 1960, in named counties in Texas and New Mexico.

From such order this appeal has been brought to this court.

The facts leading up to this order are: On July 1, 1955, appellants and appellee executed an instrument providing for certain services to be rendered by appellants in connection with the sale of certain equipment manufactured and/or sold by appellee, in a certain specified territory comprised of counties in Texas and New Mexico. The contract provided for performance for one year from its date, and for successive terms of additional years upon notice by appellants to appellee of their desire to extend said agreement. The contract also provided for its termination,

without cause, by either party upon written notice thirty days prior to the effective date thereof. Also, certain stated commissions under certain conditions were provided for, whether sales originated through the efforts of appellants or appellee, in the specified territory. Also included in the agreement was a non-competitive clause in which appellant agreed not to compete in the specified territory for a period of one year from the termination of the agreement, and further provided for the sale of the good will of appellants to appellee, upon termination, for a consideration of $10. By agreement, the above contract was extended from time to time until October 31, 1958, when appellee gave notice of its desire to terminate said contract effective December 31, 1958.

Appellants continued to operate their business in the specified territories mentioned in the contract, after the termination date. Appellee (plaintiff below) brought suit requesting that a temporary injunction be granted it, enjoining appellants (defendants below) from competing in the specified territory for one year from the termination date as set out in the original contract. The trial court granted such temporary injunction, and appellants bring eight points of error complaining of the trial court's action, as follows:

(1) that the non-competitive agreement was void for the want of consideration;

(2) appellee had breached the contract prior to the institution of this suit;

(3) the contract had been rescinded, abrogated and abandoned by mutual consent;

(4) that no proof was made that appellee had no adequate remedy at law;

(5) that no proof was made that an injunction was necessary to protect the business interests of appellee;

(6) in restraining business activities in New Mexico, as the court had no jurisdiction;

(7) in restraining business activities in two counties not mentioned in the original contract; and

(8) that the order of the trial court restraining appellants was vague and indefinite.

In a hearing on an application for a temporary injunction, the only question before the trial court is the right of the applicant to a preservation of the status quo of the subject matter pending a final trial upon the merits. James v. E. Weinstein & Sons, Tex.Civ.App., 12 S.W. 2d 959; Transport Co. of Tex. v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549. To warrant the issuance of the writ, the applicant need only show a probable right and a probable injury; he is not required to show that he will finally prevail in the litigation. Nagy v. Bennett, Tex.Civ.App., 24 S.W.2d 778, at page 781; Transport Co. of Tex. v. Robertson Transports, supra. The applicant's bond has been posted to protect those against whom the improvident granting of such a writ would injure. Where the pleadings and the evidence present a case of probable right and probable injury, the trial court is clothed with broad discretion in determining whether to issue the writ, and its order will be reversed by the appellate court only upon a showing of clear abuse of discretion. Texas Foundries v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460; Southwestern Greyhound Lines v. Railroad Commission, 128 Tex. 560, 99 S.W.2d 263, 109 A.L.R. 1235.

The trial court found, in its Findings of Fact and Conclusions of Law, that:

(1) the original contract was a valid and effective agreement between the parties, and supported by a valid consideration;

(2) appellants had ratified, approved and confirmed changes and modifications in the original contract, and are now estopped in contending a breach by appellee;

(3) appellee has no adequate remedy at law;

(4) enforcement of the restrictive covenant was necessary to protect the business interests of appellee;

(5) the trial court had jurisdiction; and

(6) appellants had violated the restrictive covenants and had evidenced their intention to continue to violate same.

The appellants have filed a very complete brief, which would be helpful in the determination of the case after a trial on the merits; but until such a trial, this court is not in a position to determine such issues. We have carefully considered the complete record in this case, and have found sufficient evidence supporting the injunctive order of the trial court and convincing us that the trial court did not abuse its discretion.

Having so found, we affirm the judgment of the trial court.