Albert Theodore MOSIMANN, Jr., Appellant,

v.

**EMPLOYERS CASUALTY COMPANY,**
Appellee.

No. 13914.

Court of Civil Appeals of Texas.

Houston.

Feb. 8, 1962.

———◆———

J. W. Reid, Abilene, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is the possession of whiskey, vodka, gin and beer in a dry area for the purpose of sale; the punishment, a fine of $400.00.

In the statement of facts, it was stipulated that appellant had the care, custody, management and control of four or five ⅘ths bottles of assorted alcoholic spirits and three cases of 12-ounce bottles of beer in a dry area.

Bill of exception No. 1 complains of the refusal of the trial court to permit the introduction into evidence of a private club permit issued by the Administrator of the Texas Liquor Control Board on March 13, 1961. The permit offered in evidence was not a defense to the charge of possessing intoxicating liquor in a dry area for the purpose of sale. Trial of this cause was had August 22, 1961. House Bill 892, Acts of the 57th Legislature, Regular Session, Chapter 262, page 559 (Article 666–15(e), Vernon's Annotated Penal Code), did not become effective until September 1, 1961, and we do not therefore pass upon the question of the admissibility of a permit issued pursuant to that statute.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

172

Wayne Carter, Houston, for appellant.

Ben G. Sewell, Atty., Houston, McGregor, Sewell & Junell, Houston, of counsel, for appellee.

COLEMAN, Justice.

This is an appeal from a judgment temporarily enjoining appellant from selling certain kinds of insurance in Harris County, Texas.

Appellant entered into an employment contract with appellee by the terms of which he agreed to "* * * refrain from soliciting for * * * himself or any other insurer * * * any class of insurance business in which the companies shall be engaged, within * * * any district * * * to which salesman was * * * assigned * * *" for a period of two years from the date of the termination of his employment.

After working for appellee for approximately six years in Harris County, appellant resigned and began selling insurance of a class competitive with that offered by appellee. Appellant testified at the trial that he would continue to sell such insurance unless he should be restrained from doing so.

Appellant urges that the temporary injunction should be dissolved because appellee failed to show that the provisions of the contract restricting appellant's right to work were reasonably necessary for the protection of appellee's business. He further contends that the contract violates public policy in that it imposes an unreasonable and unnecessary restraint on competition and that it imposed on appellant a greater restraint than was reasonably necessary for the protection of appellee's business and good will.

Since this is an appeal from an order granting a temporary injunction, the judgment of the trial court cannot be disturbed on appeal unless the record shows that the trial court has abused his discretion by granting the injunction. Miller v. Texsteam Corp., Tex.Civ.App., 327 S.W.2d 465.

The evidence is undisputed that the parties agreed on the provision of the contract made the basis of the suit and that appellant had violated this provision of the contract, and threatened to do so in the future unless restrained. The evidence was sufficient to support an implied finding of the trial court that irreparable injury would result to appellee unless the threatened action was enjoined. The evidence fails to disclose an abuse of discretion.

This Court has previously held, in McAnally v. Person, Tex.Civ.App., 57 S.W.2d 945, writ ref., that unless an employment contract restricting competition is unreasonable on its face as a matter of law, the contract will not be presumed to be illegal, and the burden to plead and prove facts making it unlawful rests on the party seeking to avoid liability under it.

The testimony found in the record of this case does not establish as a matter of law an unreasonable restraint on competition or a greater restraint than was reasonably necessary for the protection of appellee's business and good will. The contract was not unreasonable on its face. Fort v. Moore, Tex.Civ.App., 33 S.W.2d 807, writ dism.; Krueger, Hutchinson & Overton Clinic v. Lewis, Tex.Civ.App., 266 S.W.2d 885, aff'd 153 Tex. 363, 269 S.W.2d 798; Weatherford Oil Tool Co. v. Campbell, 340 S.W.2d 950, Tex.S.Ct.

The judgment of the trial court is affirmed.