Robert Lee RAMEY, Jr., et al., Appellants,

v.

COMBINED AMERICAN INSURANCE COMPANY, Appellee.

No. 13996.

Court of Civil Appeals of Texas.

San Antonio.

July 25, 1962.

John Peace, San Antonio, for appellants.

Clemens, Knight, Weiss & Spencer, F. N. Welmaker, San Antonio, Arrington, Healy & Wilson, Chicago, Ill., for appellee.

BARROW, Justice.

This is an appeal from a temporary injunction granted plaintiff, Combined American Insurance Company, pending a trial on the merits in a suit brought against Robert

Lee Ramey, Jr., Harold L. Hooper, Clarence Vogel, Richard F. Wadzeck and Richard A. Reese, to enforce negative covenants in their contracts of employment with plaintiff. Ramey, Wadzeck and Reese had been employed as salesmen; Hooper, as district manager; and Vogel, as sales manager, and all had signed contracts of employmet which contained negative covenants. All had left the employ of plaintiff in December, 1961, and commenced selling the same type of insurance for another company. Following a hearing before the 37th District Court of Bexar County, an order was entered which provided that each of the defendants, during the pendency of this suit, not to exceed two years from the date of termination of each of their contracts, respectively, with the plaintiff, "shall not nor shall they aid, or abet others to do so, in any of the following things:

"(a) Sell or attempt to sell any form of accident or health insurance to any policyholder of Combined American Insurance Company in any sales territory in which said defendant has heretofore worked for Combined American Insurance Company or in any sales territory over which said defendant heretofore had supervision for Combined American Insurance Company.

"(b) Induce or attempt to induce any policyholder of Combined American Insurance Company in any sales territory in which said defendant has heretofore worked for Combined American Insurance Company, or in any sales territory over which said defendant heretofore had supervision for Combined American Insurance Company, to cancel, lapse or fail to renew his policy with Combined American Insurance Company.

"(c) Induce or attempt to induce any of Combined American Insurance Company's district managers, sales managers, salesmen or employees to terminate their relation with Combined American Insurance Company or to

sell accident or health insurance for any other company."

Appellants assert that the trial court erred in granting the temporary injunction, because (1) the appellee failed to show a definite territory which was reasonable and necessary for protection of its business; (2) appellee failed to show that the restraint is reasonably necessary in order to protect it from undue advantage by appellants; (3) the order does not comply with Rule 683, Texas Rules of Civil Procedure, as no definite area is designated; and (4) the negative covenant in the contracts is too unconscionable to entitle appellee to equitable relief.

▉ We are guided by a well-established rule in the character of appellate review required in passing upon the granting of a temporary injunction as distinguished from a permanent injunction. To warrant the issuance of a writ of temporary injunction, the plaintiff must show only a probable right and probable injury. Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549; Cargill v. Buie, Tex.Civ.App., 343 S.W.2d 746; 31 Tex.Jur.2d § 224. The judgment of the trial court should not be overturned pending a trial on the merits unless the record discloses a clear abuse of discretion. Texas Foundries v. International Moulders & Foundry Workers Union, 151 Tex. 239, 248 S.W.2d 460; Mosimann v. Employers Casualty Company, Tex.Civ.App., 354 S.W.2d 171.

▉ The rule in Texas is that an agreement on the part of an employee not to compete with his employer after termination of the employment is in restraint of trade and will not be enforced unless the terms are reasonable. Where the public interest is not directly involved, the test for determining the validity of the covenant as written is whether it imposes upon the employee any greater restraint than is reasonably necessary to protect the business and good will of the employer. Weather-

ford Oil Tool Co. v. Campbell, 161 Tex. 310, 340 S.W.2d 950.

Each of the appellants executed a contract while going through a training program. Each contained a covenant providing essentially as follows: that in consideration of the company's hiring the salesman, sales or district manager, as the case might be, and training him, said employee covenanted that upon terminating his employment he would not, for a period of two years, (1) sell accident or health insurance to any of the Company's policyholders in the Sales Territory; (2) induce, or attempt to induce, any of the Company's policyholders in the Sales Territory, to cancel, lapse or fail to renew their policies with the Company; or (3) induce, or attempt to induce, any of the Company's employees to terminate their relationship with the Company, or to sell insurance for any other company. The employee also agreed that he would not aid or abet others to do any of the above acts. The Sales Territory of the three salesmen was defined in their contract as the State of Texas, but they were to work only in such parts thereof as would be mutually agreed upon, from time to time, by the salesman and his district or sales manager. The Sales Territory of Hooper and Vogel was shown by a list of cities attached to the contract of each.

The sales technique used by appellee and taught appellants was a "cold canvas" approach. That is, several salesmen would enter a city, work up and down a street calling on various business houses. They would sell a pre-signed policy at a very low rate, which expired in six months. Just prior to the expiration date, the insured would again be contacted and solicited for a more expensive renewal policy. There was evidence that the employees on leaving appellee's employ, commenced selling the same type policy, and called on policyholders of appellee in cities they had previously worked for appellee. They solicited appellee's insured shortly before his policy was to expire. There was evidence that unless enjoined they would fur-

ther violate the negative covenants agreed upon in their employment contract.

■ In determining the reasonableness of the agreement sought to be enforced, the period of time during which the restraint is to last and the territory that is included, are important facts. The restrictive covenant must bear some relation to the activities of the employee. However, it is further well established that even if the covenant is too broad, a court of equity may enforce the contract by granting an injunction restraining the defendant from competing for a time and within an area that are reasonable under the circumstances. Weatherford Oil Tool C. v. Campbell, supra; Lewis v. Krueger, Hutchinson and Overton Clinic, 153 Tex. 363, 269 S.W. 2d 798; Spinks v. Riebold, Tex.Civ.App., 310 S.W.2d 668.

There is no complaint made as to the period of the restraint in the contract (two years). However, appellants assert that the area enjoined is not reeasonably necessary to protect appellee's business and good will, and to protect it from any undue advantage by appellants. Appellants further assert that the "sales territory worked or supervised by each appellant" is not set forth and therefore the injunction is not definite as required by Rule 683, T.R.C.P. The evidence reflects that the three salesmen worked in only limited areas of the State of Texas. It would not be necessary or reasonable to protect appellee over the entire State. It would be oppressive to appellants and of no real benefit to appellee. In view of the contractual definition of "Sales Territory" as being the State of Texas, we can not say that the trial court meant to limit the area to the cities actually worked by the salesmen. To be reasonable, it must be so limited. The trial court heard the evidence and, based on same, should limit the area of the injunction to the specific city or area actually worked by each salesman.

This injunction, in section (a), restrained the salesmen from selling or attempting to

sell a policy of accident or health insurance to any policyholder in his sales territory. The evidence is that under the technique used by appellee and taught appellants, a salesman might personally contact only a very few persons in a city. For example, one of appellants had personally sold, and presumably knew, nine policyholders of appellee in a city of over 600,000 population, and in which there were many other policyholders. Appellee refused to furnish a list of the policyholders. It is thus seen that the salesman, in trying to properly pursue his livelihood, would violate the injunction anytime he made contact with a prospect who turned out to be a policyholder of appellee. This would mean that the only way said salesman could safely operate, under the present injunction, would be in some area other than one he had previously worked, no matter how slightly. This would be unreasonable under the type of technique used by appellee and appellants. The covenant did not seek to prevent former salesmen from engaging in the insurance business, but to protect appellee's business by prohibiting solicitation of its policyholders. To require appellants in this case to abandon the area completely would be an unreasonable enforcement of said covenant. It would be oppressive to the salesmen as contrasted to the little benefit to appellee.

■ We believe that the appellee is entitled to have the salesmen enjoined from soliciting any policyholder of appellee whom said salesmen had solicited while working under this contract. As to the other policyholders of appellee, in the cities or areas previously worked by a salesman, the salesman should be enjoined from "selling" a policy of insurance. Thus when it developed in the course of solicitation that the prospect was a policyholder of appellee, the salesman should abandon that prospect and avoid violating the injunction.

The contracts signed by Hooper and Vogel were, respectively, a district and a sales manager's contract. Each set forth a list of the cities that comprised their "sales territory" and over which they exercised supervision. As such supervisor, they had very little personal contact with the policyholders in said district. They did have access to valuable information belonging to appellee—the names of such policyholders in their districts, and the dates of expiration of their policies. There is evidence to support the implied finding of the trial court that there was a reasonable necessity to protect this information rightfully belonging to appellee. Said injunction should also be restricted to the cities and areas actually supervised or worked by said appellants.

■ We cannot say that the contract on its face, or from the limited record before us on the hearing for temporary injunction, is too unconscionable to entitle appellee to any equitable relief. Weatherford Oil Tool Co. v. Campbell, supra; Mosimann v. Employers Casualty Company, supra. This opinion is not to be construed as passing on the merits of the case. Its sole function is to examine the action of the trial court in granting the temporary injunction. Anderson v. Tall Timbers Corporation, Tex., 347 S.W.2d 592.

We, therefore, reverse the order of the trial court granting the temporary injunction and remand this cause for entry of judgment awarding writ of temporary injunction, pending trial on the merits, or for the remaining period of the parties' contract of restrictive covenant, limited to such cities or areas which the evidence may have shown that each of appellants actually worked or supervised. Insofar as the three salesmen, Robert Lee Ramey, Jr., Richard F. Wadzeck and Richard A. Reese, are concerned, the injunction should restrain them from knowingly soliciting any policyholder of appellee previously solicited by them while under this contract, or from selling to any policyholder of appellee.