James F. HUFF, Appellant,

v.

Nathaniel G. TIPPIT, Appellee.

No. 14824.

Court of Civil Appeals of Texas, San Antonio.

March 11, 1970.

Gilliland, McNeel & Garwood, San Antonio, for appellant.

Nicholas & Barrera, Fred Clark, San Antonio, for appellee.

CADENA, Justice.

This is an appeal by James F. Huff, defendant below, from an order temporarily enjoining him from breaching a covenant not to compete with plaintiff, Nathaniel G. Tippit. Both parties are doctors of medicine.

On September 1, 1966, plaintiff and defendant, by written agreement, formed a partnership for the practice of medicine in San Antonio. The agreement provided that if the partnership was dissolved prior to September 1, 1969, Dr. Huff "agrees not to do surgery or consultations with or for any of the doctors with whom" plaintiff, Dr. Tippit, "had worked * * * prior to September 1, 1966, unless Dr. Tippit were not available for any reason."

The partnership was dissolved on May 1, 1968, and within one week of the dissolution Dr. Huff announced to Dr. Tippit his intention not to abide by the terms of the agreement. Until this suit was filed by Dr. Tippit on July 16, 1969, Dr. Huff performed surgery for and consulted with doc-

tors with whom Dr. Tippit had worked prior to September 1, 1966.

Dr. Huff first complains that the issuance of the temporary injunction was erroneous because the order "changed the status quo between the parties as it had existed for 15 months."

■ There is evidence that, during the fifteen-month period preceding the filing of this suit, Dr. Tippit continuously, although unsuccessfully, demanded that Dr. Huff abide by the agreement. During this period Dr. Tippit also attempted, by appealing to the Bexar County Medical Society, to compel Dr. Huff to honor the agreement. Under these circumstances, it cannot be said that the continuous violation of the agreement by Dr. Huff constituted "the last, actual, peaceable, noncontested status which preceded the pending controversy." Janus Films, Inc. v. City of Fort Worth, 163 Tex. 616, 358 S.W.2d 589 (1962). Nor can Dr. Tippit's delay in seeking judicial relief support a plea of laches or waiver, since there is no evidence that the delay, while plaintiff was seeking extra-judicial means of dissuading defendant from continuing his actions, resulted in any injury to defendant.

■ Nor can we agree that the agreement is so vague and indefinite as to render it unenforceable because it permits defendant to accept referrals if Dr. Tippit be "unavailable" for any reason. The availability of Dr. Tippit to perform surgery or to engage in consultation would be a fact easily determinable by, in most instances, defendant's doing no more than making a telephone inquiry. If the surrounding circumstances be such as to render the language unenforceably vague or ambiguous, that problem is properly resolvable upon a trial on the merits. We find nothing in the record before us which compels the conclusion that the trial court abused its discretion in holding that the language of the agreement was sufficiently certain to support the granting of the temporary injunction.

■ Next, defendant contends that the temporary injunction cannot stand because the covenant not to compete contains no limitation as to either time or space. The rule in this State is that even though a covenant not to compete is unlimited as to time and place, it is nevertheless enforceable if the court can grant an injunction covering a period of time and an area which are reasonable under the circumstances. Weatherford Oil Tool Company v. Campbell, 161 Tex. 310, 340 S.W.2d 950 (1960); Lewis v. Krueger, Hutchinson & Overton Clinic, 153 Tex. 363, 269 S.W.2d 798 (1954). The temporary injunction issued here is limited to San Antonio and expressly provides that it shall cease to be operative if a trial on the merits has not taken place prior to May 1, 1970. We find nothing in the record to indicate that the injunction, as so limited, imposes an unreasonable burden on defendant, or that the restraint imposed on defendant is harsher than necessary in order to protect plaintiff's interest.

Finally, defendant asserts that the injunction does not describe with reasonable certainty the conduct from which he must abstain in order to obey the order. We overrule this contention.

■ The trial court's order enjoins defendant "from accepting consultations or performing any operations by referral from" twelve doctors named in the order, and provides that if Dr. Tippit "be not available for any reason the Defendant may accept such consultations and perform such surgery by referral from the physicians hereinbefore designated and named." By its terms, the injunction does not apply to any patients that defendant "may have under treatment as of the date of this Order, * * *."

We find nothing ambiguous or uncertain in the language used by the trial court. Defendant should have no difficulty in determining the scope of the prohibition unless he is ignorant of the meaning of "consultations," "surgery" and "referral." The

order places on defendant the burden of determining the availability of Dr. Tippit, but so does the agreement which defendant voluntarily signed.

The record does not disclose that clear abuse of discretion which must exist in order to justify the overturning of the temporary injunction by this Court.

The judgment of the trial court is affirmed.