Konrad TOCH, Appellant,

v.

ERIC SCHUSTER CORPORATION,
Appellee.

No. 18028.

Court of Civil Appeals of Texas,
Dallas.

Dec. 28, 1972.

Rehearing Denied Jan. 25, 1973.

James G. Clement, Parnass, Clement & Cline, Irving, for appellant.

Leonard Z. Finger, Finger & Burg, Houston, for appellee.

CLAUDE WILLIAMS, Chief Justice.

At all times pertinent to this litigation Eric Schuster Corporation (hereinafter referred to as Schuster) was engaged in the business of importing, manufacturing and selling wholesale picture frames, moldings and related items. Konrad Toch was employed by Schuster as a salesman pursuant to a written contract between the parties dated October 3, 1960. Among other provisions of this contract Toch agreed that he would devote his full time and his best efforts to learn and perform such duties as may be assigned to him by his employer. Schuster agreed to train Toch in the performance of his duties and to assign him certain territory in which he would be a salesman. The contract was to be in effect for a period of one year and be automatically renewed for periods of one year thereafter unless either party should elect to terminate the contract by giving the other party notice by registered mail. Paragraph 11 of the contract provided:

> "The Employee agrees upon the termination of his employment which is hereby guaranteed for one year, that he will not, for a period of three years thereafter, directly or indirectly engage in the same business as the employer, either individually, or partnership or as a member of any firm, or partnership or as a stockholder, officer or employee of any firm, partnership, corporation or company which competes directly with that done by the Employer."

Toch performed his duties as salesman for Schuster for approximately eleven years from October 3, 1960 through May 28, 1971, at which time the contract terminated. During the period of about the last ten years of his employment Toch was the exclusive sales representative for Schuster

in what is designated as the "Southwest Territory". This area consisted of all of the States of Oklahoma, Arkansas, Louisiana, Mississippi, and designated portions of the States of Texas, Tennessee, Missouri, Kansas and Nebraska.

Following termination of the contract separate actions were filed by Toch and Schuster and the same were ultimately consolidated for trial. Toch sued Schuster to recover commissions and bonuses alleged to be due for the years 1970 and 1971, as well as for attorneys' fees incurred in the recovery thereof. He also sought damages for an alleged breach of the contract of employment and for additional damages allegedly resulting from anti-trust violations by Schuster. Schuster's suit against Toch sought equitable relief in the form of an injunction to prohibit violation of the covenant against competition for a period of three years after May 28, 1971 and also for damages against Toch for alleged violation of the employment contract in failing to devote his full time to his employer's business as well as in selling non-competing items without his employer's consent.

During the course of the trial the jury was dismissed by agreement and all matters were submitted to the court for determination. The trial court entered its final judgment which, inter alia, included the following:

(1) Toch was awarded $7,216.99 as commissions;

(2) Toch was denied attorneys' fees on his claim for commissions;

(3) Toch was awarded $1,550 for bonus earned in 1970:

(4) Toch was awarded $1,000 for attorneys' fees under his claim for bonuses;

(5) Schuster was found not to have conspired to violate the Texas anti-trust laws and Toch's prayer for damages was therefore denied;

(6) Toch was found to have breached his contract of employment with Schuster by failing to secure Schuster's consent to conduct other business activities, but Schuster's prayer for damages was denied because of lack of proof of amount of damages sought;

(7) Schuster was found not to have breached the contract of employment with Toch and Toch's prayer for damages was therefore denied;

(8) The court found that the covenant against competition contained in the contract was valid and enforceable, as limited by the court, and that the three-year period stated in the contract was found to be reasonable. Toch was therefore enjoined from competing with Schuster (a) in all of Dallas and Tarrant Counties, and (b) from selling to any person or entity listed in an attached exhibit to the judgment, which contains an itemized list of customers in the area known as the Southwest Territory referred to above.

Toch appeals from this judgment and brings forward eleven points of error. In his first three points he contends that since the contract not to compete for a period of three years following termination of the contract was not confined to any geographic area or limitations that the same was void and therefore the trial court erred, as a matter of law, in enjoining appellant from competing with appellee in any geographic area for any period of time. In his ninth and tenth points of error appellant Toch takes the position that if the trial court had legal authority to reform the covenant against competition to apply to a geographic area then the trial court abused its discretion and committed reversible error in enjoining appellant from competing against appellee within an unreasonably large area for an unreasonably long period of time.

The question of the validity of covenants voluntarily entered into between employer and employee not to engage in competition following termination of the

employment contract has been the subject of much litigation in Texas in recent years. In John L. Bramlet & Co. v. Hunt, 371 S.W.2d 787 (Tex.Civ.App., Dallas 1963, writ ref'd n. r. e.), we pointed out that there was a time in our jurisprudence when covenants not to compete were held to be unenforceable because in restraint of trade and contrary to public policy. However, under the custom and usages of modern business practices it is now well established that contracts ancillary to employment involving trades or professions which provide for agreements against competition are enforceable, though amounting to limited restraint of trade, where such contracts are reasonably limited as to time and space. Krueger, Hutchinson & Overton Clinic v. Lewis, 266 S.W.2d 885 (Tex.Civ. App., Amarillo 1954, affirmed 153 Tex. 363, 269 S.W.2d 798); Weatherford Oil Tool Co. v. Campbell, 161 Tex. 310, 340 S. W.2d 950 (1960); Restatement of the Law of Contracts §§ 515, 516.

■■■ Of course, an essential element of such contracts is that the covenant not to compete be reasonably incident to the contract of employment and essential to the protection of the employer's business and good will. McLean v. Employers Casualty Co., 381 S.W.2d 582 (Tex.Civ.App., Dallas 1964); and Traweek v. Shields, 380 S.W.2d 131 (Tex.Civ.App., Tyler 1964). Also implicit in these contracts is the necessity that same be reasonable as to time and geographic area. The question of whether the duration and area of the covenant are reasonable is one of law to be determined by the court. Lewis v. Krueger, Hutchinson & Overton Clinic, 153 Tex. 363, 269 S.W.2d 798 (1954); Chenault v. Otis Engineering Corp., 423 S.W.2d 377 (Tex.Civ.App., Corpus Christi 1967); Vaughan v. Kizer, 400 S.W.2d 586 (Tex. Civ.App., Waco 1966, writ ref'd n. r. e.); and Eubanks v. Puritan Chemical Co., 353 S.W.2d 90 (Tex.Civ.App., Houston 1962, writ ref'd n. r. e.). In an action to enforce a covenant not to compete in an employment agreement the burden of proof is upon the person seeking to avoid the effect of the covenant. McAnally v. Person, 57 S.W.2d 945 (Tex.Civ.App., Galveston 1933, writ ref'd); and Mosimann v. Employers Casualty Co., 354 S.W.2d 171 (Tex.Civ. App., Houston 1962).

Practically all of the cases dealing with the question of enforcement of covenants not to compete relate to agreements that contain specific limitation of time and area. In Lewis v. Krueger, Hutchinson & Overton Clinic, 153 Tex. 363, 269 S.W.2d 798 (1954), the Supreme Court went a step further and stated that merely because a limit has not been fixed for the duration of the restraint, the agreement will not be struck down but will be enforceable for such a period of time as would appear to be reasonable under the circumstances. The court also struck down the contention that the act of a court of equity in deciding what would be a reasonable time and geographic limitation would constitute the making of a new and different contract for the parties.

This rule was adopted by the Court of Civil Appeals at El Paso in an opinion by Chief Justice Hamilton in Spinks v. Riebold, 310 S.W.2d 668 (1958, writ ref'd).

In Weatherford Oil Tool Co. v. Campbell, 161 Tex. 310, 340 S.W.2d 950 (1960), the Supreme Court, citing Lewis v. Krueger, Hutchinson & Overton Clinic and Spinks v. Riebold, supra, said:

"* * * it can no longer be said that a covenant not to compete is void and unenforceable simply because it is not reasonably limited as to either time or area. These cases hold that although the territory or period stipulated by the parties may be unreasonable, a court of equity will nevertheless enforce the contract by granting an injunction restraining the defendant from competing for a time and within an area that are reasonable under the circumstances."

This rule has been followed consistently in such cases as Orkin Exterminating Co.,

Inc. v. Veal, 355 S.W.2d 831 (Tex.Civ. App., Fort Worth 1962, writ ref'd n. r. e.); Wilson v. Century Papers, Inc., 397 S.W. 2d 314 (Tex.Civ.App., Houston 1965); McElreath v. Riquelmy, 444 S.W.2d 853 (Tex.Civ.App., Houston (14th) 1969); Huff v. Tippit, 452 S.W.2d 523 (Tex.Civ. App., San Antonio 1970).

In Arrow Chemical Corporation v. Anderson, 386 S.W.2d 309 (Tex.Civ.App., Dallas 1965, writ ref'd n. r. e.), we affirmed the action of the trial court in rendering an injunction against Anderson which had been reformed by the trial court's action in attaching to the decree a list of names and addresses of certain accounts of Arrow Chemical Company that Anderson would be prohibited from contacting. This is quite similar to the facts in the instant case where the trial court restrained Toch from contacting the customers whose names and addresses are attached to the decree.*

■ In the light of these authorities we hold that the contract of employment between appellant and appellee, while not expressly confined to any geographic area, is clearly subject to reformation by a court of equity in which a reasonable geographic area as well as named customers therein may be designated.

■ The question, of course, is whether the limitation expressly imposed by the trial court upon appellant Toch is reasonable both in time and geographic area. An examination of the record convinces us that the trial court imposed a reasonable limitation of both time and area as a part of the injunction against Toch. Toch's argument that he is unlawfully restrained

from competing anywhere within the geographic area of the various states enumerated is without merit. The trial court very carefully attached an itemized list of each firm or customer located in the various states contained in the "Southwest Territory" and directed that Toch not call upon these particular people in that area for a period of three years after May 28, 1971. Toch is not prohibited from going into or doing business in the various states but is only restricted from calling upon the named customers in this area in competition with appellee. We hold that both the three-year period and the express designation of Dallas and Tarrant Counties in Texas and the named customers within the various states enumerated, constitute a legal and enforceable restriction upon appellant. We therefore overrule appellant's points 1, 2, 3 and 9 and 10.

In his points 4 through 8 inclusive, appellant Toch argues that Schuster was guilty of wrongful acts of inequitable conduct which should have precluded the granting of injunctive relief so that the trial court abused its discretion in rendering the injunction. Toch also contends that there was no evidence, or insufficient evidence, to support the court's finding that Schuster did not breach the contract of employment with Toch.

Toch argues that Schuster did not come into court with clean hands in that it (1) wrongfully terminated Toch's employment without notice on May 28, 1971 by replacing him with a new salesman; (2) in making a unilateral and substantial modification of the method of payment of compensation to be made Toch for services rendered without the consent of and over the protest of Toch; and (3) in re-

---

* Our decision in Redding Foods, Inc. v. Berry, 361 S.W.2d 467 (Tex.Civ.App., Dallas 1962), is not inconsistent or conflicting with the authorities here cited. In that case we dealt with a decree of the trial court which had refused a temporary injunction in a case involving a covenant not to compete. We held

that the trial court did not abuse its discretion in refusing temporary injunctive relief pending trial on the merits. At the same time we recognized the rule laid down in *Lewis* and *Weatherford,* supra, that such contracts were subject to judicial reformation upon final hearing.

fusing, prior to trial, to pay Toch the sales commissions due him for the years 1970 and 1971.

■ Although the judgment of the trial court contains a number of specific findings no formal findings of fact or conclusions of law were ever requested or made under the provisions of Tex.R.Civ.P. 296. In such a situation the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. Seaman v. Seaman, 425 S.W.2d 339 (Tex.Sup.1968).

■ We have carefully reviewed the record and find that there is ample evidence of probative force to support the trial court's implied finding that appellee did not come into court with unclean hands which would serve to deny the granting of injunctive relief. The facts are undisputed that for several years, without knowledge of Schuster, Toch had been carrying on an extensive business of his own, having a net worth of in excess of $125,000 with annual sales of $60,000 in violation of the contract of employment which required Toch to devote his full time to Schuster's business and which expressly prohibited him from selling nonconflicting items. Schuster did not discharge Toch upon discovery of this fact of competition but instead terminated his representation in the Southwest Territory and offered to transfer him to another territory. Relative to the question of payment of commissions and bonuses it is sufficient to say that the record is quite voluminous and complex concerning these matters. We are convinced, however, that in the light of the record as a whole it cannot be said that Schuster was guilty of such inequitable conduct as to justify the assertion that it came into court with unclean hands. Likewise, we find sufficient evidence to justify the court's finding and conclusion that Schuster did not breach the contract of employment with Toch. Accordingly, appellant's points 4 through 8 are overruled.

In his eleventh, and final point of error, appellant Toch complains of the action of the trial court in refusing to award him attorneys' fees on his recovery of commissions since the amount of such commissions owed was a liquidated amount at the time demand was made therefor. Under this point appellant cites no authorities and only makes the assertion that, based upon certain ledger cards showing amounts calculated by appellee to be due and payable to appellant at various times, he is entitled to recover attorneys' fees in addition to the amount of $7,216.99 which he recovered.

■ The trial court found that Toch had failed to sustain the burden of proving the amount of such commissions as were actually due and payable at the time of demand therefor so that his prayer for attorneys' fees under Vernon's Tex.Rev.Civ. Stat.Ann. art. 2226 was properly denied. We find that there is evidence to support the trial court's finding in this regard and we therefore overrule appellant's point of error. The evidence is quite conflicting as well as uncertain, on the question of the exact amount of commissions due at the time of demand made therefor by Toch. The record shows that the accounts upon which commissions could be paid to the salesman were further subject to offsets or returns, allowances and bad debts. In this state of the record the trial court justifiably denied recovery of attorneys' fees to Toch upon this element of the case.

Appellee Schuster brings forward three cross-points of error in which it complains of the judgment of the trial court, as follows: (1) that the court erred in granting judgment to Toch for bonuses and attorneys' fees because same are not payable under any contract and that Toch was in violation of his contract and therefore should be denied a bonus; (2) that the trial court erred in excluding appellee's bill of exception evidence because a portion of same was material and admissible; (3) the court erred in finding that there was insufficient evidence upon which the court

could determine any dollar amount of actual damages sustained by Schuster resulting from Toch's breach of contract and therefore denying Schuster's prayer for damages for such breach.

Having considered each of these crosspoints we are of the opinion that the same are without merit and should be overruled.

■ While it is true that the original contrac⁺ entered into between the parties provided for the payment of commissions due the salesman and did not contain any provision concerning bonuses yet it is also true that later on Schuster did set up a bonus scale to induce the salesmen to work harder to perform their contracts or as an added incentive to carry out their duties. This scale was accepted by the employees, including Toch, so that it can reasonably be said that it constitutes a contract for the payment of services rendered as contemplated by Tex.Rev.Civ.Stat.Ann. art. 2226. As stated in appellant's brief the court based its judgment for bonus and attorneys' fees thereon on the reasoning that the bonus for the year 1970 fell due before the notice was given in 1971 to the effect that same would not be paid unless there was an increase in sales for 1971. We think that the record supports the trial court's action in this regard.

■ As to the second and third crosspoints, the trial court expressly found and concluded from the uncontroverted evidence that although Toch violated his employment contract Schuster was not entitled to a judgment for money damages for breach thereof because the amount of damages had not been satisfactorily established. Again, we find that the record supports this conclusion on the part of the trial court. While there is a great deal of testimony concerning damages the court could not, based upon such record, actually determine any amount of such damages and properly denied the recovery thereof.

The judgment of the trial court is affirmed.