**AMERICAN SPEEDREADING ACADEMY, INC., Appellant,**

v.

**Donald R. HOLST et al., Appellees.**

**No. 7482.**

Court of Civil Appeals of Texas, Beaumont.

May 24, 1973.

William M. Hayner, Dallas, for appellant.

C. Bruce Stratton, Liberty, for appellees.

KEITH, Justice.

Plaintiff below sought a temporary injunction to restrain the violation of an agreement not to compete. Upon the hearing, the trial court modified a temporary restraining order previously issued and refused to enter a broader order sought by plaintiff below and the appeal is from the denial of the complete relief sought.

Appellant, plaintiff below, according to its pleadings, "is in the business of selling, counseling, advising and soliciting accelerated learning, speed reading and related topics to the general public and owning, operating, managing, licensing and directing speed reading academies where individuals are taught the art of speed reading through classes and demonstrations."

It alleged that the defendant was a former employee of plaintiff who had executed a written instrument wherein he agreed not to compete with plaintiff for a period of two years after he left plaintiff's employment "within a 1,000 mile radius of any class conducted by the company, its successors or assigns, or a classroom used by the company, its successors or assigns."

Further allegations were that defendant had breached said agreement by establishing an organization known as "National Speedreading School," in violation of the agreement not to compete and was using "its tests, acceptance letters, sales materials, teaching manuals and other materials" used by plaintiff which, according to the allegations were "unique in its field." All of such activity was, according to the pleading, to the great damage of plaintiff for which it had no clear, complete, and adequate remedy at law. Plaintiff also sought actual and exemplary damages upon the final hearing.

Defendant's verified answer attacked the geographical area of the noncompetitive agreement as being unreasonable and void; denied that he had received the "materials" from plaintiff, averring that he had such materials in his possession before he ever entered into any relationship with plaintiff; and pleaded, inter alia, the doctrines of laches and unclean hands.

Extensive oral and documentary evidence was introduced upon the hearing, the latter being before us in original form.

The trial court, being of the opinion that the covenant not to compete was unreasonable as written and that it should "be revised to make it reasonable by limiting said covenant not to complete to Dallas County, Texas," modified the temporary restraining order so as to make the temporary injunction applicable only in Dallas County. It also found that the "materials, methods, processes and techniques of plaintiff are not trade secrets," dissolved the prior restraining order preventing defendant's use thereof and denied a temporary injunction against such use.

By its first point, plaintiff complains that the trial court "abused its equity powers by unreasonably limiting the covenant not to compete to Dallas County, Texas."

At the time of the execution of the agreement not to compete, on June 12, 1971, defendant was employed by the plaintiff at its Dallas office and the plaintiff had no school, classroom, or place of business in or near Jefferson or Orange Coun-

ties in Texas. Defendant began his operations in Beaumont about January 25, 1972, and plaintiff established that it had entered into a franchise agreement with one Joe Francis to operate an "American Speed-reading Academy" in Jefferson and Orange Counties, and he had been in business "Beaumont since January of '72," but no more specific date is shown. Plaintiff operates some twenty-two schools in Texas and elsewhere in the nation, but outside of Dallas, our record reveals only two specific locations—Beaumont and San Angelo, both operated as franchise establishments.

■ Upon oral submission, counsel for plaintiff admitted, as indeed he was compelled to, that the area restriction in the contract was unreasonable. In Lewis v. Krueger, Hutchinson and Overton Clinic, 153 Tex. 363, 269 S.W.2d 798, 799 (1954), the Court affirmed an injunction granted after the contractual period of time had been reformed to one which was reasonable. This was followed by Spinks v. Riebold, 310 S.W.2d 668, 670 (Tex.Civ.App., El Paso, 1958, error ref.), wherein the trial court was directed to confine an injunction to a limited area wherein the defendant would actually compete with his former employer.

Then, in Weatherford Oil Tool Company v. Campbell, 161 Tex. 310, 340 S.W.2d 950, 952 (1960), Justice Walker synthesized the holdings by saying: "These cases hold that although the territory or period stipulated by the parties may be unreasonable, a court of equity will nevertheless enforce the contract by granting an injunction restraining the defendant from competing for a time and within an area that are reasonable under the circumstances."

*Accord*: Orkin Exterminating Company v. Veal, 355 S.W.2d 831, 832 (Tex.Civ. App., Fort Worth, 1962, error ref. n. r. e.); Ramey v. Combined American Insurance Company, 359 S.W.2d 523, 526 (Tex.Civ. App., San Antonio, 1962, no writ); Arrow Chemical Corporation v. Anderson, 386 S.W.2d 309, 314 (Tex.Civ.App., Dallas, 1965, error ref. n. r. e.); Wilson v. Century Papers, Inc., 397 S.W.2d 314, 315 (Tex. Civ.App., Houston, 1965, no writ); Brooks Gas Corporation v. Sinclair Oil & Gas Co., 408 S.W.2d 747, 753 (Tex.Civ.App., Houston, 1966, error ref. n. r. e.).

■ The trial court, in the exercise of its equity jurisdiction, was compelled to modify the territorial coverage of the agreement not to compete, and in so doing followed implicitly the teachings of the cases some of which are summarized above. Having exercised the discretion conferred by law, the narrow question is whether it abused such discretion. The rule governing our review of this facet of the case is well stated in Texas Foundries v. International Moulders & F. Wkrs., 151 Tex. 239, 248 S.W.2d 460, 462 (1952):

"The granting or refusing of a temporary injunction is subject to a very different character of appellate review from the granting or refusing of a permanent injunction. The trial court is clothed with broad discretion in determining whether or not to issue a temporary injunction to preserve the rights of the parties pending a final trial of the case, and when that discretion is exercised its order should not be overturned unless the record discloses a clear abuse of discretion."

To the same effect, see Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549, 552 (1953); and Sun Oil Company v. Whitaker, 424 S.W.2d 216, 218 (Tex.1968).

■ From a careful review of all of the evidence in the case, we are not prepared to hold that the trial court abused its discretion in limiting the restraint to Dallas County—the only place where plaintiff proved it was in operation at the time of the execution of the agreement. This was also the only place where defendant worked for the plaintiff under such contract, and then only for a few weeks.

**136**

We are in accord with this statement found in plaintiff's brief: "The criterion apparently used by the courts in determining what constitutes a reasonable area for the restrictive covenant is the area in which the employee worked while in the employment of his employer. Weber v. Hesse Envelope Company, 342 S.W.2d 652 [Tex.Civ.App., Dallas, 1960] n. w. h.; Whites v. Star Engraving Company, 480 S.W.2d 757 [Tex.Civ.App., Corpus Christi, 1972] n. w. h."

The trial court granted precisely the relief authorized under the two decisions quoted above; yet, plaintiff now says that there was an abuse of discretion in so limiting the relief granted. We disagree; there was no abuse of discretion in granting the limited relief in this case.

By its second point, plaintiff contends that the trial court erred in refusing to grant a temporary injunction restraining the defendant from further use of the "materials, methods, processes and techniques" of plaintiff and in holding that the same were not copyrighted nor were they trade secrets. Significantly, we note that plaintiff has avoided charging an abuse of discretion in the statement of this point. Cf. Janus Films, Inc. v. City of Fort Worth, 163 Tex. 616, 358 S.W.2d 589 (1962).

In Erickson v. Rocco, 433 S.W.2d 746, 750 (Tex.Civ.App., Houston-14th Dist., 1968, error ref. n. r. e.), Chief Justice Tunks stated the rule which must govern our review of the evidence in connection with this point, saying:

"In an appeal from a judgment granting or denying a temporary injunction, the Appellate Court is required to review the evidence, and to draw legitimate inferences from the facts in evidence, in the light most favorable to the trial court's judgment. If such a review of the evidence will support any findings of fact that would, in turn, support the trial court's judgment, those findings are implied in the judgment itself." (citations omitted)

It would unduly lengthen this opinion to set out in detail the evidence as to the "materials" involved herein. It is sufficient to say that while plaintiff offered testimony that such "material" was developed by it or its predecessors, such was denied by defendant. A fact issue was presented for determination by the trier of the facts; and, having reviewed the evidence under the authorities just cited, no reversible error is shown. Point two is overruled.

Having obtained all of the relief to which it was entitled under the law and the facts, we pretermit discussion of plaintiff's third point.

The attached appendix to this opinion is ordered not published under the provisions of Rule 452, since it is of primary interest to the litigants in this particular case although it does not deal directly with the merits of the cause. Cf. English v. Ramo, Inc., 474 S.W.2d 600, 611 (Tex.Civ. App., Dallas, 1971, error granted).

Finding no error in the proceedings, the judgment of the trial court is in all things affirmed.