**ELECTRONIC DATA SYSTEMS
CORPORATION, Appellant,**

v.

**Douglas W. POWELL, Appellee.**

**No. 18267.**

Court of Civil Appeals of Texas,
Dallas.

Feb. 28, 1974.

Rehearing Denied April 25, 1974.

**138**

———◆———

E. Eldridge Goins, Jr., Coke & Coke, Dallas, for appellant.

Royal H. Brin, Jr., Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellee.

BATEMAN, Justice.

This is an action by appellant to enforce by injunction certain restrictive covenants in an employment contract against its former employee. The employer prevailed below in the hearing for a temporary injunction but, being dissatisfied with the limited scope of the temporary injunction, has perfected this appeal.

Appellee Douglas W. Powell worked for appellant (herein referred to as EDS) from May 1970 until August 1972, after which he went to work for Systems Resources, Inc., (herein called SRI), a competitor of EDS. EDS employs systems engineers who write computer programs for its customers. There are five industry groups which EDS serves, the two which are material here being the health care and public utilities industries. Powell worked in the health care area for EDS as a systems engineer on a team which developed a "system," or series of computer programs for processing health care claims involving private or non-governmental contracts. The health care industry group was subdivided into the private and governmental sectors. The EDS system which Powell helped to develop, referred to as "Prepayment Utilization Review" or "PPUR," competes with the "Model System," which was developed by a governmental agency, and which is employed by Powell's present employer, SRI. However, at the time of trial, Powell was working in the public utilities area for SRI, an area in which EDS did not even have a data processing system when Powell was employed by it.

The restrictive covenant in Powell's contract with EDS included the following limitations: its computer systems and related data were to remain confidential; EDS retained a proprietary interest in its systems and information; the employee was not to participate in recruiting other EDS employees or in the solicitation of customers of EDS, and was not to compete with EDS or any subsidiary within 200 miles of any city in which it does business until three years after the contract term; and the employee was not to use any method, information or system developed by EDS in competition with EDS, within the same 200 mile radius and for the same period of time.

The temporary injunction entered by the trial court restrained Powell from recruiting other EDS employees, and from soliciting past, present and prospective customers of EDS, in substantially the same language as the restrictive covenant. It also restrained Powell from competing with EDS within the 200 miles radius and for the same time period mentioned in the contract, but the court defined the word "competing" as:

> . . . conduct by Douglas W. Powell involving the design or use, or providing further information to others concerning the design or use of electronic data processing programs or systems for performing, in whole or in part, the function known as prepayment utilization review in processing health care claims as that function was designed to be performed by the EDS National Regular Business program on August 15, 1972, where such function designed to be performed by the EDS Regular Business program exceed [sic] that which is generally accepted and known in the data processing industry for prepayment utilization review programs.

In effect, the trial court enjoined Powell from competing with the EDS system

which he had helped EDS to develop. It is this limitation of the scope of the temporary injunction which appellant complains of on this appeal.

■ Restrictive covenants in employment contracts by which employees agree not to compete with the former employer after termination of the contract have traditionally been viewed as being in restraint of trade and not enforceable unless the terms are reasonable. The test of reasonableness is whether the covenant imposes upon the former employee an undue hardship or any greater restraint than is reasonably necessary to protect the former employer's business and good will. Weatherford Oil Tool Co. v. Campbell, 161 Tex. 310, 340 S.W.2d 950, 951 (1960). The reasonableness of the covenant is generally recognized to be a question of law for the court's determination. Orkin Exterminating Company, Inc., Co. v. Wilson, 501 S.W.2d 408, 411 (Tex.Civ.App.—Tyler 1973, no writ); Toch v. Eric Schuster Corp., 490 S.W.2d 618, 621 (Tex.Civ.App.—Dallas 1972, writ ref'd n. r. e.).

■ The granting or denial of an injunction, and especially a temporary injunction, and the scope of one which is granted, are largely and peculiarly within the broad discretion of the trial court, whose action will not be disturbed on appeal unless a clear abuse of discretion is shown. Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460, 462 (1952); Harris County v. Bassett, 139 S.W.2d 180, 183 (Tex.Civ.App.—Galveston 1940, writ ref'd).

■ From a review of this record, we are unable to say that the trial court abused its discretion in limiting the scope of the injunction as it did here. We cannot say, as a matter of law, that appellant needs a broader temporary injunction to preserve its rights pending a trial on the merits. It must be borne in mind that a temporary injunction is merely a provisional remedy to preserve the subject matter of the controversy pending trial. Camp

v. Shannon, 162 Tex. 515, 348 S.W.2d 517, 519 (1961); City of Dallas v. Wright, 120 Tex. 190, 36 S.W.2d 973 (1931).

■ The court unquestionably had the power to limit the restrictive covenant to the geographic area in which the employee worked for the employer. American Speedreading Academy, Inc. v. Holst, 496 S.W.2d 133, 135 (Tex.Civ.App.—Beaumont 1973, no writ); Royal Industries, Inc., Safelite Div. v. Sturdivant, 497 S.W.2d 479, 482 (Tex.Civ.App.—Dallas 1973, no writ). We see no reason why this same principle should not apply to a limitation of the covenant as to its subject area as well. Weber v. Hesse Envelope Co., 342 S.W.2d 652, 655 (Tex.Civ.App.—Dallas 1960, no writ). Powell worked for EDS on a specialized system for the health care industry. He did not work for it in the public utilities industry area, nor did EDS even have a data processing system for public utilities when Powell worked for it.

■ Although there is some dispute as to the facts regarding whether the technical expertise is common between systems for health care and systems for public utilities, we do not have to resolve that dispute on this appeal. There is some evidence in this record to support an implied finding of fact that there is not enough similarity between the two systems for EDS to be irreparably injured, if injured at all, by Powell's work in a different system. In reviewing this temporary injunction, we must draw all legitimate inferences from the evidence in the light most favorable to the trial court's judgment. American Speedreading Academy, Inc. v. Holst, *supra*; Erickson v. Rocco, 433 S.W.2d 746, 750 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n. r. e.); Construction and General Labor Union, Local No. 688 v. Stephenson, 148 Tex. 434, 225 S.W.2d 958, 960 (1950). It was not an abuse of discretion for the trial court to conclude, under this record, that an impending irreparable injury was not shown by the appellant. West Texas Gulf Pipe Line Co. v. Hardin County, 159 Tex. 374, 321 S.W.2d 576, 577 (1959).

Appellant argues that Powell should be enjoined from employment with SRI entirely because the injunction is unenforceable as a practical matter so long as his employment continues, since he is "a telephone call away" from SRI's work in the health care area and violation of the injunction would be difficult, if not impossible to detect. However, there was no showing of bad faith on Powell's part, or that his work with SRI was even likely to injure the effectiveness or profitability of the EDS health care system. The appellant's contention is simply that Powell *might* assist SRI in the health care area. Such a *possibility* is not a sufficient ground for extending the scope of an injunction. It is a conjecture by appellant, which is far short of a showing of probable right and probable injury. Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549, 552 (1953); *cf.* Orkin Exterminating Company, Inc. v. Wilson, *supra*.

No abuse of discretion being shown, the judgment of the court below is affirmed.