William C. MIDDAGH, Appellant,

v.

TILLER–SMITH COMPANY, INC.,
Appellee.

No. 6416.

Court of Civil Appeals of Texas,
El Paso.

Jan. 8, 1975.

Merkin & Gibson, William L. Merkin, Sidney K. Gibson, El Paso, for appellant.

Guevara, Rebe & Armstrong, Sal Rebe, El Paso, for appellee.

## OPINION

OSBORN, Justice.

This case involves a restrictive covenant not to compete in an employment contract. The trial Court granted a temporary injunction restraining the employee from engaging in the sales of swimming pools and related equipment in El Paso County for a period of one year. We affirm.

The Appellant, a former school teacher, was hired by Appellee in January, 1973, to work as a salesman of swimming pools and related equipment. Prior to that time, he said he knew nothing at all concerning the estimating of cost of constructing a swimming pool and he knew nothing about this type of business. His employer taught and trained him in the business of estimating the cost of constructing and bidding on jobs where he was attempting to sell swimming pools and related equipment. During the training period, he was given a draw of $125.00 per week against future commissions. A contract of employment was

entered into on April 17, 1973, for a term of two years, which either party could terminate on thirty days' written notice. The Appellant was to receive a 4% commission on the first five pools sold each month and a 5% commission on each additional pool sold in the same month. The contract provided for weekly draws, plus a balancing of accounts each quarter, with a reserve for the next succeeding quarter. With regard to the restrictive covenant, the contract states:

"Upon termination of employment by either party for any reason salesman shall not directly or indirectly engage in the sales, construction or service of swimming pools and related equipment in the immediate market area of the company for a period of one year. Immediate market area is construed to be El Paso and Culberson Counties. Texas and Dona Anna and Otero Counties in New Mexico."

The Appellant said he earned and was paid $13,108.50 in 1973. In March, 1974, he quit his job with Appellee without any prior notice and on April 1, 1974, went to work for another swimming pool company in El Paso. He attributed his change in employment to a personality clash with one of the owners of his former employer, the failure to properly pay all commissions which he earned, and the times at which his commissions were being paid to him.

One of the owners of the Tiller-Smith Company testified that Appellant was paid all commissions which he earned and that they owed him nothing. This witness attributed a reduction in company sales to Appellant's leaving the company and going to work for a competitor. There was testimony by this witness that Appellant had knowledge of Appellee's cost factors and pricing information which would be valuable to a competitor, and that he was also familiar with advertising methods and the way leads on customers were obtained.

Appellee filed this suit for injunctive relief on May 10, 1974, a hearing was held in June, 1974, and on July 17, 1974, the trial Court entered the injunction, which the Appellant has superseded and appealed. By his first two points of error, Appellant asserts that the trial Court erred in granting the temporary injunction because Appellee failed to plead or prove that irreparable injury was probable and failed to plead or prove that enforcement of the contract was reasonably necessary to protect Appellee's business and good will.

First, it must be noted that the granting or refusing of a temporary injunction in this State is within the sound discretion of the District Court, and that Court's action will not be disturbed on appeal unless it clearly appears from the record that there has been an abuse of such discretion. Professional Beauty Products, Inc. v. Schmid, 497 S.W.2d 597 (Tex.Civ.App.—El Paso 1973, no writ).

In determining whether a temporary injunction should have been granted, the following rules set forth by the Supreme Court of Texas in Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549 (1953), apply:

"In a hearing on an application for a temporary injunction the only question before the court is the right of the applicant to a preservation of the status quo of the subject matter of the suit pending a final trial of the case on its merits. James v. Weinstein & Sons, Tex.Com. App., 12 S.W.2d 959, 960. To warrant the issuance of the writ, the applicant need only show a probable right and a probable injury; he is not required to establish that he will finally prevail in the litigation. Rosenfield v. Seifert, Tex.Civ.App., 270 S.W. 220, 223; Nagy v. Bennett, Tex.Civ.App., 24 S.W.2d 778, 781; High on Injunctions, 4th Edition, Vol. 1, Sec. 5, p. 8. If the party enjoined prevails on a final trial of the case he finds protection against the improvident granting of the writ and consequent loss in the interim in the applicant's bond. Where the pleadings and

the evidence present a case of probable right and probable injury, the trial court is clothed with broad discretion in determining whether to issue the writ and its order will be reversed only on a showing of a clear abuse of discretion. Texas Foundries v. International Moulders & Foundry Workers' Union, Tex.Sup., 248 S.W.2d 460, 462. There is no abuse of discretion in the issuance of a writ if the petition alleges a cause of action and the evidence adduced tends to sustain it. Southwestern Greyhound Lines, Inc. v. Railroad Commission, 128 Tex. 560, 99 S.W.2d 263, 109 A.L.R. 1235."

In deciding whether a covenant not to compete with an employer after termination of employment will be enforced, our Supreme Court established the controlling guidelines in Weatherford Oil Tool Company v. Campbell, 161 Tex. 310, 340 S.W.2d 950 (1960). In that case, Justice Walker, writing for the Court, said:

" * * * Where the public interest is not directly involved, the test usually stated for determining the validity of the covenant as written is whether it imposes upon the employee any greater restraint than is reasonably necessary to protect the business and good will of the employer. * * * The period of time during which the restraint is to last and the territory that is included are important factors to be considered in determining the reasonableness of the agreement. * * * "

The Appellee has alleged as a breach of the contract that Appellant went to work for a competing company as a swimming pool salesman in direct contravention of the restrictive covenant and that it has no adequate remedy at law. Considering both the pleadings and evidence which support the ruling of the trial Court, it appears that Appellee has shown a probable right. Certainly the covenant as written is reasonable both as to time and area. In many instances, our Courts have held that a one-year term in a covenant not to compete is reasonable. Blaser v. Linen Service Corporation of Texas, 135 S.W.2d 509 (Tex.Civ.App.—Dallas 1939, writ dism'd jdgmt cor.); Denny v. Roth, 296 S.W.2d 944 (Tex.Civ.App.—Galveston 1956, writ ref'd); Whites v. Star Engraving Company, 480 S.W.2d 757 (Tex.Civ.App.—Corpus Christi 1972, no writ); Weatherford Oil Tool Company v. Campbell, supra. The trial Court's injunction limiting the area of competition to only El Paso County, where the vast majority of Appellee's sales occur, was both reasonable and proper. American Speedreading Academy, Inc. v. Holst, 496 S.W.2d 133 (Tex.Civ.App.—Beaumont 1973, no writ).

Having concluded that the Appellee established a probable right in the trial Court, we now turn to the question of whether or not it established a probable injury. We believe that the pleading is sufficient, but in determining whether or not the evidence is sufficient it becomes necessary to consider the Appellant's fourth point of error. This point asserts that the trial Court erred in admitting the testimony of Harmon Smith, a vice-president of Appellee, which was based on business records of Appellee not produced in Court and as to which no proper predicate was laid. There was some evidence of a probable injury from the testimony of Mr. Smith concerning Tiller-Smith Company's comparative sales. He testified that he looked at the swimming pool records of the company for April and May of 1973 and for April and May of 1974, and over objection that the records were the best evidence, was permitted to testify that sales were definitely down for March, April and May, 1974. Prior to giving this testimony, the witness identified a memorandum prepared by his secretary from the company records to show the number of pools sold by Tiller-Smith Company during particular months in 1973 and 1974. When the memorandum was offered, the trial Court sustained an objection to the written memorandum but over further objection

permitted the witness to give his oral testimony that sales were down for a three-month period in the spring of 1974.

 Under the holdings in Sherwin-Williams Company v. Perry Company, 424 S.W.2d 940 (Tex.Civ.App.—Austin), writ ref'd n. r. e. per curiam, 431 S.W.2d 310 (Tex.1968), and Postal Telegraph-Cable Co. of Texas v. S. A. Pace Grocery Co., 126 S.W. 1172 (Tex.Civ.App.1910, no writ), we sustain the Appellant's fourth point of error and hold that the trial Court erred in admitting the testimony of Mr. Smith concerning the reduction in sales in 1974 from 1973, over the objection that the records were the best evidence. But this being a non-jury case we will presume that the trial Court did not consider any inadmissible evidence in granting the injunction. Having sustained Appellant's fourth point of error, there arises the question of whether there is any other evidence to support the judgment of the trial Court. We conclude that there is. On cross-examination, Mr. Smith testified without objection that his company's sales were down, that those of his competitor, for whom Appellant was employed, were up, and that the competitor was selling more swimming pools. In addition, the Appellant admitted on cross-examination that it is helpful in the sales business to know the cost factors of a swimming pool of a competitor, which he had learned while working for Tiller-Smith Company. This evidence was sufficient to establish a probable harm and authorize the issuance of the injunction to maintain the status quo between the parties pending a final trial on the merits. Appellant's first and second points of error are overruled.

 In Point of Error No. Three, Appellant contends that the trial Court erred in granting the injunction because of his proof that Appellee had breached the contract in question prior to the termination of his employment. Such a rule clearly applies in the enforcement of negative contracts in this State. Professional Beauty Products, Inc. v. Jay, 463 S.W.2d 288 (Tex.Civ.App.—Amarillo 1970, no writ). But in this case the evidence was conflicting as to whether Appellant had in fact been paid all commissions, as and when due and the trial Court, as the finder of the facts, resolved this issue against the Appellant. Mr. Smith testified that Appellant was paid all commissions which he earned. The Appellant's payroll record or statement of accounts apparently reflected proper payments, although Appellant said the records were not correct. The Appellant did not identify any errors or omissions in his pay records. With regard to some pools which Appellant had contracted for at the time he quit, and for which he said he was never paid, he did not know if the pools were in fact built and a commission earned. In any event, the commissions were not earned, and there was no breach for failure to pay such commissions, during the period of employment. The Appellant's third point of error is overruled.

The judgment of the trial Court is affirmed.